**SUN SHIP EMPLOYEES ASS'N, Inc., v. NATIONAL LABOR RELATIONS BOARD et al.**

No. 8452.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 6, 1943.

Decided Dec. 30, 1943.

Guy Davis, of Chester, Pa., for appellant.

Charles F. McErlean, of Washington, D. C. (Robert B. Watts, Gen. Counsel, and Malcolm F. Halliday, Associate Gen. Counsel, both of Washington 25, D. C., on the brief), for N. L. R. B.

M. H. Goldstein, of Philadelphia, Pa., for Industrial Union of Marine and Shipbuilding Workers of America and Joseph P. Burge.

Before JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This Court, in National Labor Relations Board v. Sun Shipbuilding & Dry Dock Co., 3 Cir., 1943, 135 F.2d 15, refused enforcement of an order of the National Labor Relations Board based upon a finding by that body that the Sun Ship Employees Association, Inc.,[1] an independent union, was company dominated in violation of the Act. Following that decision, an election among the employees of the Company was held to determine the appropriate bargaining agent of those employees with their employer. Such details as are relevant, concerning the circumstances under which the election was held, will be mentioned hereafter. The election resulted in the choice of Industrial Union of Marine and Shipbuilding Workers of America, Local No. 2 C.I.O., as the bargaining agent by a very

---

[1] Hereafter referred to as the Association.

narrow majority. Thereafter the Association brought an action in the District Court for the Eastern District of Pennsylvania, complaining of the conduct of the election, both in the manner of conducting the voting and in the process of counting the ballots and sought court help in the protection of its alleged rights. The action was dismissed on motions for want of jurisdiction, and the plaintiff brings the case here for review.

Since 1937 the bargaining agent for the employees of the Company had been the plaintiff. Following the decision of this Court in the litigation referred to above, Local No. 2, C.I.O., filed with the Board petitions under § 9(c) [2] of the National Labor Relations Act for investigation concerning representation of the Company's employees. Before such proceedings were had, however, a consent election was arranged by mutual agreement. The parties to the agreement were the employer, Local No. 2 and the Association, the plaintiff herein. That agreement provided for an election to be held for the purpose of determining a representative for collective bargaining and provided that the election procedure should follow and "be held in accordance with the Act, the Rules and Regulations, and the customary procedures and policies of the Board". It also provided that "the determination of the Regional Director shall be final and binding upon any question * * * relating * * * to the election and not specifically covered in this agreement." The election was to be conducted under the direction and supervision of the Regional Director.

Pursuant to this agreement an election was held. Disputes arose among the parties concerning several matters in connection with the election. Instances are whether the polls were opened on time, whether notices were posted within the time specified, whether certain disputed ballots were properly or improperly received and counted. No purpose would be served in detailing all the objections. The Regional Director of the National Labor Relations Board, named in the contract as the sole judge of matters concerning the election, heard the objections, considered them and ruled thereon. At the conclusion he announced the result of the election as indicated above. The Association then petitioned the Labor Board asking for a hearing upon its objections. This the Board refused. The institution of this action followed.

At the outset we are met with the question whether a District Court of the United States has any jurisdiction in a law suit arising out of the facts just stated. We conclude that it has not and this conclusion makes irrelevant and unnecessary the consideration of the other highly interesting questions which the argument before us has covered. The contract providing for the election, made by the three parties mentioned, was an ordinary, private agreement. It is true that it carried with it an approval by the Regional Director of the National Labor Relations Board. That, we take it, is not what gives the agreement its validity, but simply showed that the Board had no objection to an agreement among the parties concerning a matter about which petition had previously been filed with the Board. By the agreement the parties thereto consented among themselves that the issues as to representation should be settled in the way which the agreement prescribed. While we were advised by counsel and accept as true, the statement that the agreement was executed upon a form provided by the Board and customarily used in these consent elections, the use of the form did not change the fact that the agreements therein contained were those of the parties themselves, neither imposed upon them by any public body, statute or regulation, nor deriving their vitality from such sources. The agreement stated that the Regional Director was to conduct the election and be the judge. But it could have provided that any other reputable citizen, such as the local superintendent of schools, minister of the local church or mayor of the city was to act in that capacity.[3]

A law suit arising out of the alleged violation of the terms of any such agreement must, as a law suit brought upon any other alleged breach of contract in the federal courts, be subjected to the usual and obligatory test as to federal jurisdiction. The rights involved are those of parties to a contract, but whether that contract is for the purchase and payment of merchandise or the holding of an election to select a bargaining agent, the parties to a law suit arising out of the agreement cannot litigate the question in a federal court unless the usual

---

[2] 29 U.S.C.A. § 159(c).

[3] Counsel for the Board advised us at the argument that persons of this type have frequently been called on to act as judges in consent elections and have sometimes conducted the elections.

statutory basis for jurisdiction is present.[4] We have here no allegation that the amount in controversy exceeds $3,000; more important, we do not have here, as the plaintiff's counsel frankly admits, the requisite diversity of citizenship. The litigation therefore, is halted at the threshold by the lack of facts which open the door to federal litigation. That being so, it is unnecessary and inadvisable for us to discuss the question whether, if properly in federal court, plaintiff has made sufficient allegations to overcome the fact that questions were left by the agreement to the judge of election who has decided them and the further question whether, had rights under the statute been involved, they could be worked out through a court or must be taken to the Board.

Affirmed.

[4] 28 U.S.C.A. § 41(1). Plaintiff alleged that the basis of the District Court's jurisdiction was § 41(8), providing for suits and proceedings arising under any law regulating commerce, here the National Labor Relations Act.