## NATIONAL LABOR RELATIONS BOARD v. HOFMANN et al.

### No. 8719.

Circuit Court of Appeals. Third Circuit.

Argued Jan. 9, 1945.

Decided Feb. 9, 1945.

David C. Shaw, of Washington, D. C. (Alvin J. Rockwell, Gen. Counsel, Malcolm F. Halliday, Associate Gen. Counsel, and Ida Klaus and Kate Wallach, Attys., National Labor Relations Board, and Millard Cass, all of Washington, D. C., on the brief), for petitioner.

Lloyd J. Schumacker, of Philadelphia, Pa. (Souser, Schumacker & Taylor, of Philadelphia, Pa., on the brief), for respondents.

Before GOODRICH and McALLISTER, Circuit Judges, and GIBSON, District Judge.

GOODRICH, Circuit Judge.

This case is before the Court upon a petition of the National Labor Relations Board for an enforcement of its order against respondents pursuant to Section 10(c) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq. Unlike most proceedings of this type, there is no dispute concerning the essential facts. The respondents, father and his two sons, acting as co-partners, are engaged in manufacturing in Philadelphia, Pennsyl-

vania, and it is conceded that they are subject to the Act. They admit that they have refused to bargain collectively with United Electrical Radio & Machine Workers of America, C. I. O. (hereinafter called the Union).

The reason, they say, they have refused to bargain with the Union is that they are not obliged, under the law, to do so. The sufficiency of this defense raises, in turn, two legal points both arising out of the election held in which the question was the selection of the Union as the bargaining representative. The election was held on August 10, 1943 pursuant to a consent election agreement entered into between the Union and the respondents. The agreement between the parties contained the following provision:

"III. Procedure

"Said election shall be held in accordance with the Act, the Rules and Regulations and the customary procedures and policies of the Board; provided that the determination of the Regional Director shall be final and binding upon any question (including questions as to the eligibility of voters) raised by either party hereto relating in any manner to the election and not specifically covered in this Agreement."

At the election 45 ballots were cast; 22 were for the Union and 21 against it, 1 ballot was void, one was challenged by the Union and this challenge was sustained by the Regional Director in his capacity as election judge. It is obvious that if the challenged ballot should have been received and if it were against the Union, that body would not have received a majority of the votes cast.[1]

The rejected ballot recorded the vote of Edward Hofmann. Edward Hofmann is the son of Otto U. Hofmann, one of the partners.

The first legal point is whether following an election in which the agreement under which it is held contains the stipulation above set out, the decision of the agreed upon election judge can be challenged. Respondents say that it can be because his decision is final only on questions not specifically covered in the agreement and that the opening words of the paragraph quoted which provided that

---

[1] The ballot was in a sealed envelope and it is unknown to us whether the vote was for or against the Union.

the election shall be held in accordance with the Act, Rules and Regulations and customary procedures and policies of the Board are specific parts of the agreement. Therefore, the argument runs, if the Regional Director as election judge fails to follow the Act his conclusion on the matter is not final. Presumably, the same argument would apply to an alleged failure on the part of the Regional Director to follow "the customary * * * policies of the Board."

This Court had occasion to consider the question thus presented in Sun Ship Employees Ass'n, Inc., v. National Labor Relations Board et al., 3 Cir., 1943, 139 F.2d 744. In that case the action was begun in the district court by the plaintiff which considered itself aggrieved by a decision of the election judge made under a contract apparently identical in substance with the terms which appear in the one in this case. We upheld the action of the trial judge in dismissing the complaint for want of jurisdiction. We need not now decide what qualifications, if any, there are in treating such a consent agreement as an ordinary private contract. The respondents pressed their objection before the Board after filing exceptions to the trial examiner's report and the point argued here concerning the status of Edward Hofmann was considered by the Board and decided adversely to the respondents' contention.

■ Assuming, though not deciding, that the respondents were in a position where they could raise the point, we agree with the conclusion reached by the Board. The question turns upon an exception in the Labor Relations Act where the term "employee" is defined. The relevant words which are in § 2(3), 29 U.S.C.A. § 152(3), provide, inter alia, that: "The term 'employee' * * * shall not include * * * any individual employed by his parent or spouse." If O. U. Hofmann had been the sole proprietor of this business and his son, Edward, had worked for him in this business there would be no doubt on anybody's part that Edward Hofmann would be excluded by the definition of "em-

ployee" under the Act even though in other respects he did work which would entitle him to vote in the election for bargaining representative. By the same token, his father would not be guilty of unfair labor practice by putting the kind of pressure upon his son which he would not be privileged to put upon a stranger. The respondents argue that because the senior Hofmann was in partnership with Edward Hofmann's two brothers that fact makes a difference and calls for the conclusion that he is no longer an employee of his father and hence outside of the exception quoted above. Cf. National Labor Relations Board v. Blount et al., 8 Cir., 1942, 131 F.2d 585, certiorari denied 1943, 318 U.S. 791, 63 S.Ct. 995, 87 L.Ed. 1157. While in the briefs both parties have discussed partnership as a legal entity under the Uniform Partnership Act, at the oral argument each side agreed that this is not the turning point of the case. Respondents, however, make a sounder argument based upon what they deem to be the policy of the Act. They go back to the report of the Senate Committee stating the reasons for the exceptions of those included in the term "employee".[2] The terms and conditions of employment in excluded cases, they say, are so different from those of the employee whose interests are to be represented by a union in collective bargaining that they would not fit into the general bargaining picture. They argue that in a case of a son employed by his father that one sometimes finds terms of employment at great variance with the case of other employees in the business. But where the father is merely an associate with others in the operation and control of the business, they argue, the situation is entirely different and the relationship that would normally exist between a son working for his father disappears. Therefore, they conclude, the reasons for excluding the son as an employee where he works for his father are not applicable where the son works for a group of people, one of whom is his father.

■■ The soundness of such argument is predicated upon generalizations of fact

---

[2] Sen. Rep. No. 573, 74th Cong. 1st Sess. (1935), 1959. It is stated as follows: "For administrative reasons, the committee deemed it wise not to include under the bill agricultural laborers, persons in domestic service of any family or person in his home, or any individual employed

by his parent or spouse. But after deliberation, the committee decided not to exclude employees working for very small employer units. The rights of employees should not be denied because of the size of the plant in which they work."

regarding employment which a court has no way of deciding except by reference to its general knowledge or its inner consciousness. If there is foundation for the frequently reiterated phrase about the expert judgment of the administrative tribunal this would appear to be the type of situation where that expert judgment is most appropriately exercised. A court should uphold that judgment unless it obviously is contrary to law or is contrary to the facts proven. Here it fails by neither test. We think the interpretation given by the Board was right, but even if we were doubtful we think we should support it in the absence of a showing that it is wrong.

The petition will be granted and the appropriate decree may be submitted.