**Joseph L. MATHEWS, No. 122 Water Street (3rd fl.) New York 5, New York, Plaintiff,**

**v.**

**Edward L. KILROE, Assistant Secretary New York Racing Association Inc. (Owners) No. 300 Park Avenue, New York, New York, Defendant,**

**and**

**Robert N. Laughlin, Special Agent Thoroughbred Racing Protective Association Inc. and/or Thoroughbred Racing Protective Bureau, No. 925 Chrysler Building, New York 17, New York, Defendant.**

United States District Court
S. D. New York.
Feb. 11, 1959.

Joseph L. Mathews, pro se.

Hirsh, Newman & Rosenson, New York City, for defendants, David F. Cohen, New York City, of counsel.

DAWSON, District Judge.

This is a motion to dismiss the complaint in the above action on the ground that it fails to state a claim against the defendants upon which relief can be granted. The complaint apparently was drawn by the plaintiff, who is appearing pro se. It is a strange, rambling document. It names two individuals and two corporations as defendants. The complaint does not, however, indicate which of the defendants is alleged to have performed the acts described in the complaint, nor does it show the relationship between the defendants and the acts complained of. On argument of the motion the plaintiff, who appeared in person, was asked whether he was suing both individuals as well as the corporations. He stated that he was not suing the individuals but was seeking relief only against the corporations. Nevertheless the individuals are named in the complaint as defendants.

It is impossible to know from the complaint exactly what wrong is alleged to which defendant, or whether the wrongs are alleged to the defendants jointly, and if so, on what basis.

The Court is acquainted with the decision in Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 744, and recognizes that very little is required in a complaint. However, the complaint should, as a minimum, indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants. To do less than this is to cause an injustice to persons who are named as defendants in an action. For example, in the present action the motion to dismiss is made in part by the two individuals named in the complaint, against whom the plaintiff says he is seeking no relief. Nevertheless they were served and have been put to the trouble of appearing in the action and bringing this motion.

The plaintiff, if he has a cause of action, should be able to get a lawyer (either the Legal Aid Society or an attorney suggested by the Bar or the Association of the Bar) to put his complaint in proper form.

The motion to dismiss the complaint is granted, with leave to plaintiff to file an amended complaint in proper form at any time within sixty (60) days of the date of this order.