**In re Jack E. TURK, Bankrupt.**

**Lawrence M. KLEIN, Trustee, Plaintiff,**

**v.**

**Virginia M. TURK, Defendant.**

**Bankruptcy No. 78 B 1228.**

United States Bankruptcy Court,
S. D. New York.

Jan. 15, 1980.

William M. Gruner, New Paltz, N. Y., for plaintiff.

Gilday & Morrow, Poughkeepsie, N. Y., for defendant.

## DECISION ON MOTION OF DEFENDANT TO DISMISS COMPLAINT OF TRUSTEE IN BANKRUPTCY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendant has moved to dismiss the complaint of the trustee in bankruptcy on the ground, inter alia, that it fails to state a claim entitling him to relief.

The first cause of action alleges that the bankrupt conveyed by a duly recorded deed his Kingston, New York residence to the defendant, his wife. The second cause of action alleges that the bankrupt conveyed by a duly recorded deed a condominium apartment in Florida to the defendant, his wife. In both causes of action it is then alleged that the deeds were executed and delivered to the defendant for the purpose of enabling the defendant to sell the real estate for the bankrupt and that "she still holds said real estate for the bankrupt." The plaintiff then concludes that the bankrupt was the owner of the property when he filed his petition in bankruptcy and therefore, the trustee in bankruptcy is entitled to the real estate.

Bankruptcy Rule 712(b) makes applicable in adversary proceedings Federal Rule of Civil Procedure 12(b). Under Federal Rule of Civil Procedure 12(b)(6) a complaint must be dismissed if it fails to state a claim upon which relief can be granted. It is true that very little is required in a complaint as long as it sets forth the basis upon which relief is sought. *Dioguardi v. Durning*, 139 F.2d 744, (2 Cir. 1944); *Mathews v. Kilroe*, 170 F.Supp. 416 (S.D.N.Y.

1959). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

 All of the well-pleaded material facts alleged in the complaint must be taken as admitted for purposes of this motion. In other words, the bankrupt's conveyances of the residence and condominium apartment to the defendant by duly recorded deeds are deemed admitted facts. The allegation that those transfers were effected to enable the defendant to sell the properties for the bankrupt, is a conclusion. So too is the allegation that the bankrupt was the owner of the property at the time of the filing of his petition in bankruptcy.

The facts as pleaded do not give rise to any claim based on principles of agency, or resulting trust. Moreover, there is no allegation as to consideration or lack of consideration with regard to the transfers. Since the plaintiff alleges that the property was duly conveyed to the wife he must also plead additional facts to support a claim that the bankrupt, nevertheless, was the owner when he filed his petition in bankruptcy. The conclusory allegation that the purpose of the conveyances was to enable the defendant to sell the real estate for the bankrupt does not, without more, support the plaintiff's claim.

Regardless of the bankrupt's purpose for conveying the real estate to the defendant, there must also be alleged sufficient facts to support the plaintiff's claim that he is entitled relief upon some legally recognizable theory.

The motion to dismiss the complaint is granted, with leave to the plaintiff to file within fifteen days an amended complaint asserting in proper form the basis for the plaintiff's claim for relief.

IT IS SO ORDERED.