**In re Julio CASTILLO and Mayra Elaina Castillo, Debtors.**

**Bankruptcy No. 80 B 20328.**
**80 Adv. 2108.**

United States Bankruptcy Court,
S. D. New York.

Nov. 20, 1980.

Sidney Turner, White Plains, Trustee.

Finley, Kumble, Wagner, Heine & Under-berg, New York City, for College Point Sav. Bank.

## DECISION ON MOTION OF COLLEGE POINT SAVINGS BANK FOR AN ORDER DISMISSING COMPLAINT FILED BY THE TRUSTEE IN BANKRUPTCY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendant, College Point Savings Bank, has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in adversary proceedings under Bankruptcy Rule 712(b), for an order dismissing all three causes of action in the complaint filed by the trustee in bankruptcy on the ground that they fail to state a claim upon which relief can be granted. The three causes of action refer to: (1) a preferential transfer (2) a fraudulent transfer and (3) equitable subordination.

The trustee's complaint alleges that the debtors in the above–captioned case were the owners of real property and a single family residence located in East Patchogue, New York. The complaint further alleges that the defendant, College Point Savings Bank, held a first mortgage on the debtors' property, and that . . .

"[I]t took possession of said property of the debtor on January 26, 1980 voluntarily and without benefit of judicial proceeding.

Defendant, however, did not file and perfect is interest in said property . . . by recording of its deed until April 11, 1980."

The debtors filed their voluntary petition under Chapter 7 of the Bankruptcy Reform Act of 1978 on July 25, 1980. The trustee in bankruptcy, who was appointed by the United States Trustee pursuant to Code § 15701, alleges that the defendant's acquisition of a fee interest in the property in question constitutes "a preferential transfer and as such is voidable by Plaintiff" (First Cause of Action); "a fraudulent conveyance which may be set aside as being null and void" (Second Cause of Action); and "should as a matter of equity be subordinated in all its claims against the debtor [sic] and the estate of the debtor [sic] to all secured creditors and be accorded equal treatment with respect to its claim as an unsecured general creditor of the estate." (Third Cause of Action)

## PREFERENTIAL TRANSFER

Under Federal Rule of Civil Procedure 12(b)(6) a complaint must be dismissed if it fails to state a claim upon which relief can be granted. Very little is required in a complaint as long as it sets forth the basis upon which relief is sought. *Dioguardi v. Durning*, 139 F.2d 744 (2 Cir. 1944); *Mathews v. Kilroe*, 170 F.Supp. 416 (S.D.N.Y. 1959); *In re Turk*, 1 B.R. 771 (Bkrtcy.1980). A complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). All of the well–pleaded material facts alleged in the complaint must be taken as admitted for purposes of this motion. *In re Turk*, supra. In other words, the debtors' conveyance of the real estate to the defendant by deed in lieu of foreclosure on January 26, 1980, which was recorded by the defendant

on April 11, 1980, are deemed admitted facts in the context of the voluntary petition under Chapter 7 of the Bankruptcy Code that was filed by the debtors on July 25, 1980.

It is abundantly clear that the facts as pleaded by the trustee in bankruptcy do not give rise to any claim for a preference under Bankruptcy Code § 547. Since the transfer was perfected on April 11, 1980, it obviously was not made within 90 days before the filing of the petition on July 25, 1980. Thus, the trustee may not rely on the presumption of insolvency with respect to transfers during the 90 day period, as set forth in Code § 547(b)(4). Nor may the trustee seek to extend the reach of Code § 547 for an additional 275 days as permitted under Code § 547(b)(4)(B), unless it is further alleged that the defendant was an insider, as required under subsection (i) and had reasonable cause to believe that the debtor was insolvent at the time of the transfer, as set forth in subsection (ii).

█ The trustee did not plead that the defendant was an "insider" who had "reasonable cause to believe" the debtors were insolvent during the additional 275 day period. Indeed, the trustee could not allege these substantive prerequisites because the defendant could under no stretch of the imagination be regarded as an insider with respect to the individual debtors in this case.

Code § 101(25)(A) defines the term "insider" in the context of an individual debtor as follows:

"(i) relative of the debtor or of a general partner of the debtor;
(ii) partnership in which the debtor is a general partner;
(iii) general partner of the debtor; or
(iv) corporation of which the debtor is a director, officer or person in control."

Since the defendant, College Point Savings Bank, is neither a relative nor a partner of the debtors, nor are the debtors directors, officers or persons in control of the defendant, it manifestly follows that the defendant is not an "insider" within the meaning of Code § 101(25)(A) and as referred to in Code § 547(b)(4)(B)(i).

█ Notwithstanding the foregoing pleading deficiencies there is a more fundamental reason why the first cause of action cannot be sustained. The defendant is a secured creditor who took a deed in lieu of foreclosure and therefore does not have any deficiency claim in this estate. The defendant's sole recourse is directed to the secured collateral. The trustee does not question the validity of the defendant's status as a secured creditor. Accordingly, unless a creditor's security can be invalidated by a trustee in bankruptcy, the secured creditor cannot be regarded as having received any preference since such creditor does not receive any more than such creditor would receive in liquidation under Chapter 7 of the Code. One of the elements of a preferential transfer under Code § 547(b)(5) is that the transfer enables the creditor to receive more than other creditors in his class. Here the secured creditor, College Point Savings Bank, would not receive a distribution under Chapter 7 because it realized upon its first mortgage to the detriment of no other secured creditors in its class. Hence, the trustee's cause of action for a preferential transfer cannot pass muster under Code § 547.

## FRAUDULENT CONVEYANCE

█ If the trustee in bankruptcy is to draw strength from Code § 548 to sustain his second cause of action pitched to a fraudulent conveyance alleged as a conclusion of law, he must particularize the essential elements of fraud upon which he relies.

Code § 548(a)(1) permits an avoidance of transfers of a debtor's property made within one year before the date of the filing of the petition if made "with actual intent to hinder, delay or defraud." Absent actual intent, a transfer of the debtor's property may be avoided by the trustee in bankruptcy if made under conditions where constructive intent to defraud will be found because the transfer was for less than a reasonably equivalent consideration and the debtor was or thereby became insolvent, or was en-

**138**

gaged in a business with unreasonably small capital, or intended to incur debts beyond his ability to repay as delineated under Code § 548(a)(2).

The trustee's second cause of action fails to set forth any of the essential elements to support a claim for a fraudulent conveyance. Rule 9(b) of the FRCP, made applicable to adversary proceedings by Bankruptcy Rule 709, provides in part as follows:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

The second cause of action in the complaint is totally devoid of any of the salient prerequisites upon which a claim for a fraudulent conveyance may be grounded. Thus, as with the first cause of action, this too must fall.

### EQUITABLE SUBORDINATION

■ Section 510(c) of the Bankruptcy Code, 11 U.S.C. § 510(c) states in part: "[A]fter notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest."

It is clear that this section was intended to codify the body of case law developed during the administration of cases brought under the now repealed Bankruptcy Act of 1898, H.R.Rep.No.595, 95th Cong., 1st Sess. 359 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. See, *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) and *Taylor v. Standard Gas and Electric Co.*, 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669 (1938). The legislative history with respect to the application of the principles of equitable subordination reveals:

"To date, under existing law, a claim is generally subordinated only if [the] holder of such claim is guilty of inequitable conduct ... [t]he fact that such a claim may be secured is of no consequence to the issue of subordination. However, *it is*

*inconceivable that the status of a secured claim could ever be grounds for justifying equitable subordination.*" [Emphasis added]

124 Cong.Rec. H 11,095 (daily ed. Sept. 28, 1978); S 17,412 (daily ed. Oct. 6, 1978).

■ In the case *In re Mobile Steel Company*, 563 F.2d 629, 699–700 (5th Cir. 1977) Judge Clark stated:

"[T]hree conditions must be satisfied before exercise of the power of equitable subordination is appropriate. (i) The claimant must have engaged in some type of inequitable conduct. (ii) The misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant. (iii) Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act." [citations omitted]

Also see, *In re W. T. Grant Co.*, 4 B.R. 53, 74–75 (Bkrtcy.1980). Regarding the allocation of the burden of proof, an objection based on equitable grounds must contain some substantial factual basis to support its claim of impropriety and cannot be merely formal, *In re Mobile Steel Co.*, 563 F.2d at 701.

In this case, the trustee has failed to state any facts which would raise an inference that the defendant has engaged in some type of inequitable conduct. In light of this fact, the third cause of action of the trustee's complaint must also be dismissed.

Accordingly, the trustee's complaint, predicated upon the above–mentioned three causes of action is hereby dismissed.

IT IS SO ORDERED.