IN the Matter of Herbert P. SHNIDER, Debtor.

**BANKERS LIFE AND CASUALTY COMPANY, Plaintiff,**

v.

**Herbert P. SHNIDER, Terri Shnider, Defendants.**

Bankruptcy No. 1–80–1646.
Adv. No. 1–80–240.

United States Bankruptcy Court,
S. D. Ohio,
Western Division.

April 22, 1981.

John A. Lloyd, Jr., James F. Lummanick, Cincinnati, Ohio, for plaintiff, Bankers Life & Cas. Co.

Walter S. MacKay, Cincinnati, Ohio, for defendants Herbert P. and Terri Shnider.

## CHERCHEZ LA FEMME

### (Look For The Woman)

### PRELIMINARY

LEONARD C. GARTNER, Bankruptcy Judge.

It is a little difficult to discern from a reading of the complaint exactly what relief the plaintiff is requesting, but the thrust seems to be that it wants the real estate which was bought some years ago in the name of Terri Shnider, the spouse, placed as property of the debtor's estate. The basis for that demand seems to be that since the wife is non-income producing commercially or industrially, to place title to real estate in her with money earned by the husband simply because he owes present and potential debts, is in fraud of creditors. No attitude could be so unworthy toward a

wife. The value of the contribution of a wife to a family overshadows in most instances, as here, completely the income role that the husband plays, and this Court does not look with favor upon the sustained attempt to downgrade her. She certainly earns her right to own property.

## DECISION

Overall, this cause came on to be heard upon the complaint filed by Bankers Life and Casualty Company (hereinafter, Bankers) on October 8, 1980 to set aside fraudulent conveyances, as therein alleged; upon the answer of the debtor filed on October 16, 1980, as therein alleged; and upon the memoranda, evidence and testimony presented to the Court.

It is alleged that the debtor, Herbert Shnider, with the intent to hinder, delay and defraud his creditors, made conveyances or transfers of monies to his wife without fair consideration at times when debtor was allegedly insolvent and indebted to Bankers. In particular, the Shnider's purchase of a home in 1976 and the placing of such property in Terri Shnider's name was allegedly a fraudulent transfer.

In a prior suit brought by the trustee to deny debtor's discharge under 11 U.S.C. § 727, the debtor prevailed, as the element of an actual intent to defraud was not proven. (See Trustee Action, Adversary Case No. 1–80–296). Herein, plaintiff's complaint does not inform the Court under which section of the Bankruptcy Code it is proceeding. Only the Ohio law of fraudulent conveyances is cited. In any event, both the state and federal law require the finding of an actual fraudulent intent. This burden of proof has not been met by the plaintiff as the following facts reveal.

Herbert and Terri Shnider married in 1974. From that time to the present, all checking accounts, savings accounts and assets of the marriage were placed in the wife's name. This was a consistent and continued pattern of conduct and was not in contemplation of bankruptcy which was to occur six years later. In March, 1975, after having left employment with Bankers,

debtor received notice of "advanced commissions" that he allegedly owed to plaintiff. Debtor disputed and denied this claim until, upon advice of counsel, he did not respond to a motion for summary judgment because of his impending bankruptcy resulting from an unfortunate business venture. Summary judgment was entered against the debtor on July 11, 1980. Debtor filed bankruptcy on August 9, 1980.

The clear and convincing evidence standard set by *In Re Campbell*, No. 56,018 (S.D. Ohio, 1972) has not been met as to the issue of actual fraudulent intent which is a required element to avoid a conveyance. See, *In Re Castillo*, 7 B.R. 135 (Bkrtcy. S.D.N.Y. 1980); *Matter of Laughlin*, 7 B.R. 924 (Bkrtcy. W.D.Mo. 1981). The claim of Bankers was not undisputed and not reduced to judgment until four years after the purchase of the Shnider home. All undisputed debts were being paid until the failing of the business venture.

Therefore, plaintiff's claim is denied and the Complaint dismissed.

SO ORDERED.