**In re PDQ COPY CENTER, INC. d/b/a White Plains Lithographic Co., Debtor.**

**Bankruptcy No. 82–B–20343.**
**Adv. No. 82ADV6134.**

United States Bankruptcy Court,
S.D. New York.

Dec. 23, 1982.

Sidney Turner, White Plains, N.Y., for trustee.

---

John S. Martin, Jr., U.S. Atty. for the S.D.N.Y., New York City, for the United States of America; Alan Nisselson, Asst. U.S. Atty., New York City, of counsel.

## DECISION ON COMPLAINT OF TRUSTEE FOR AN ORDER DIRECTING INTERNAL REVENUE SERVICE TO SURRENDER FUNDS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy charges that the Internal Revenue Service received a voidable preference when, within ninety days before the commencement of this Chapter 7 case, it collected approximately $20,000 in past due withholding and FICA taxes from the debtor at a time when the debtor also owed withholding taxes and sales taxes to New York State. The trustee reasons that since the Internal Revenue Service and New York State share a sixth priority status under 11 U.S.C. § 507(a)(6), the payment to the Internal Revenue Service enabled it to receive more than it would receive upon distribution in this case, as proscribed under 11 U.S.C. § 547(b)(5), because New York State was equally entitled to receive a distribution for taxes due in accordance with its sixth priority status.

### FACTS

1. On June 4, 1982, the above-named corporate debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In accordance with 11 U.S.C. § 301 the commencement of this voluntary case under Chapter 7 constituted an order for relief under such chapter.

2. On March 23, 1982, within ninety days before the commencement of this Chapter 7 case, the debtor paid approximately $20,000 to the Internal Revenue Service ("the IRS") for unpaid withholding and Federal Insurance Contribution Act ("FICA") taxes.

3. Prior to such payment, the IRS duly filed with the Secretary of State of New York three notices of Federal tax liens on September 15, 1980, November 24, 1980 and December 29, 1980, reflecting unpaid withholding and FICA taxes in the amounts of $3,691.71, $7,644.32, $11,606.60, respectively.

4. The IRS concededly applied all but $143.22 of the amount collected from the debtor to the withholding taxes. The IRS expressed its willingness to pay over the $143.22 to the trustee as "payments applied to non-trust fund taxes for which a notice of tax lien was not filed."

5. In addition to the federal government's tax claims, the State of New York filed claims in this case totalling $21,776.60, of which $11,265.67 represents unpaid state withholding taxes and $10,510.93 consists of unpaid state sales taxes. There is no evidence that the state ever filed any notice of tax liens against the debtor.

### DISCUSSION

The trustee's burden of proof in voidable preference cases is made easier by the presumption of the debtor's insolvency within ninety days preceding bankruptcy, as expressed in 11 U.S.C. § 547(f). However, the trustee must establish all of the other essential elements of a voidable preference delineated under 11 U.S.C. § 547(b), including that the creditor-defendant received more than he would upon distribution under Chapter 7, as reflected in subsection (5)[1] under 11 U.S.C. § 547(b).

In this case the trustee observes that both the IRS and New York State are owed withholding taxes that would normally qualify as a sixth priority status under 11 U.S.C. § 507(a)(6). Therefore, absent any secured claim, both taxing entities would

1. § 547

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

. . . . .

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

normally share their sixth priority status on a pro rata basis in accordance with the requirements under 11 U.S.C. § 726(b). It is the trustee's position that the debtor's payment to the IRS enabled it to receive more than its pro rata share to the detriment of New York State and, therefore, in violation of the voidable preference rule under 11 U.S.C. § 547(b)(5).

The trustee's position presupposes that neither the federal nor state tax claims were secured by a tax lien. While it is true that there is no evidence that the state ever filed a notice of tax lien against the debtor, the federal government contends that the payments it received were made pursuant to validly filed tax liens and may not be treated as voidable preferences. This position is premised on the principle that the fixing of a statutory lien that is not avoidable under 11 U.S.C. § 545 may not be avoided as a preference because of the express exception provided under 11 U.S.C. § 547(c)(6).[2] If the federal government's assertion is correct, then the issue of preference is removed, since the two tax claimants would no longer share an equal footing as priority status claimholders under Code § 507(a)(6). Rather, the $20,000 payment would have been received by a secured tax lienholder (the IRS) as compared with an unsecured priority tax claimant (New York State). If the IRS holds a fully secured claim pursuant to a valid tax lien, no voidable preference would result upon payment because it would not have received any more than it would receive in liquidation under Chapter 7 of the Code. *In re Castillo,* 7 B.R. 135 (Bkrtcy.S.D.N.Y.1980); *In re Community Hospital of Rockland County,* 15 B.R. 785 (Bkrtcy.S.D.N.Y.1981); *In re Hale,* 15 B.R. 565 (Bkrtcy.S.D.Ohio 1981). Absent a preference, there would be no need to address the exception under 11 U.S.C. § 547(c)(6) for the fixing of statutory liens that are not avoidable under Code § 545. Hence, the critical question here relates to the federal government's claim that it holds validly filed tax liens.

*The Place For Filing Federal Tax Liens*

■ Reference must be made to 26 U.S.C. § 6323(f) in order to ascertain where federal tax liens must be filed. In so far as the personal property of corporate debtors are concerned, the pertinent subsections provide as follows:

"(f) Place for filing notice; form.—

(1) Place for filing.—The notice referred to in subsection (a) shall be filed—

(A) Under State laws.—

.     .     .     .     .

(ii) Personal property.—In the case of personal property, whether tangible or intangible, *in one office within the State* (or the county or other governmental subdivision), *as designated by the laws of such State,* in which the property subject to the lien is situated;

.     .     .     .     .

(2) Situs of property subject to lien.— For purposes of paragraphs (1) and (4), property shall be deemed to be situated—

.     .     .     .     .

(B) Personal property.—In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed. For purposes of paragraph (2)(B), the *residence of a corporation* or partnership shall be deemed to be *the place at which the principal executive office of the business is located,* and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia." [Emphasis added].

Thus, in dealing with personal property a federal tax lien must be filed "in one office within the State . . . as designated by the laws of such state" where the personal property is located. Personal property of a corporation is deemed located at the residence of the corporation, which is defined as the "place at which the principal execu-

---

2. § 547
   (c) The trustee may not avoid under this section a transfer—

(6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title.

tive office of the business is located ...." In the instant case, the debtor's principal executive office is located in the State of New York. Thus, the law of the State of New York controls as to designation of where tax liens should be filed with respect to the corporate debtor's personal property.

■ Section 240(2)(a) of the New York Lien Law, effective July 3, 1966, expressly deals with federal tax liens and designates the place of filing against personal property of corporate debtors as follows:

"§ 240. Place of filing notices of liens and certificates and notices affecting such liens

. . . . .

2. Notices of liens upon tangible or intangible *personal property* for taxes payable to the United States of America and certificates and notices affecting such liens shall be filed as follows:

(a) If the person against whose interest the lien applies is a *corporation* or a partnership, as defined in the internal revenue laws of the United States, *in the office of the secretary of state;*" [Emphasis added].

This statutory provision, designating the office of the Secretary of State as the place for filing federal tax liens against the personal property of corporate debtors, is substantially similar to section 2(c) of the Uniform Federal Lien Registration Act (1978). This section provides in pertinent part as follows:

"(c) Notices of federal liens upon *personal property,* whether tangible or intangible, for obligations payable to the United States and certificates and notices affecting the liens shall be filed as follows:

(1) if the person against whose interest the lien applies is a *corporation* or a partnership whose principal executive office is in this State, as these entities are defined in the internal revenue laws of the United States, *in the office of the Secretary of State;*" [Emphasis added].

The Commissioners' Comment with respect to Section 2(c) of the Uniform Federal Lien Registration Act (1978) provides further enlightment and reads as follows:

"1. In order to accommodate to commercial convenience so far as possible within the limitations of Section 6323 of the Internal Revenue Code, *filing with the Secretary of State is provided for the lien on tangible and intangible personal property of partnerships and corporations* (as those terms are defined in Section 7701 of the Internal Revenue Code of 1954 and the implementing regulations) thus including within "partnerships" such entities as joint ventures and within "corporations" such entities as joint stock corporations and business trusts.

Because most purchases and secured transactions involving personal property of natural persons relate to consumer goods or farm personal property, searches for liens against those persons are more likely to be made at the local level. Thus, with few exceptions a search for corporation federal tax liens with the Secretary of State and for natural persons with an officer in the county of residence will normally be in the same office as searches for security interests under the Uniform Commercial Code." [Emphasis added].

The reference to the Uniform Commercial Code in the Commissioners' Comment is pertinent in light of the fact that Section 241(1) of the New York Lien Law directs the Secretary of State to "cause [notices of federal tax liens] to be marked, held and indexed" in accordance with the Uniform Commercial Code provisions for the filing of financing statements.

While the trustee may argue that the government's filing of the federal tax lien with the New York Secretary of State does not correspond to the local place of filing a lien against a debtor's personal property in accordance with the requirements under the Uniform Commercial Code, as adopted in New York, this difference was deliberate. It was intended that for purposes of commercial convenience the filing of a federal tax lien against the personal property of a corporation would best be served if the one place of filing was the office of the Secretary of State rather than at the local level.

This point was expressed in the Commissioners' Comment following Section 2 of the Uniform Federal Tax Lien Registration Act (1978):

"3. In some jurisdictions, a question may be raised concerning the propriety of incorporating federal law by reference. In others, the place of filing described in this Act may not correspond to the place of filing under the Uniform Commercial Code. Alteration of this Act in these respects may create the peril that the notices will be filed in the federal district court, thus eliminating the benefits of this Act."

The trustee's contention that 26 U.S.C. § 6323(f)(2)(B) requires that federal tax liens against corporate debtors should be filed in the local area where "the principal executive office of the business is located" is unpersuasive. It is clear from a reading of 26 U.S.C. § 6323(f)(2)(B) that this subsection merely defines where the corporate debtor's personal property is situated for filing purposes; namely in the state where the principal executive office of the corporate debtor is located. No mention is made of any local or county recording office. When the state in which a corporation's principal executive office is ascertained, reference must then be made to 26 U.S.C. § 6323(f)(1)(A)(ii), which in turn refers the lien filer to that state's statutory designation as to where federal tax liens must be filed against the personal property of such corporation. For corporations with principal executive offices located in New York State, as in the case of this debtor, federal tax liens against their personal property must be filed with the New York Secretary of State, as directed by Section 240(2)(a) of the New York Lien Law. The Internal Revenue Service complied with this requirement.

## CONCLUSIONS OF LAW

1. The Internal Revenue Service properly filed its notice of tax liens with the New York Secretary of State in order to obtain validly secured tax liens against the corporate debtor's personal property, as required under 26 U.S.C. § 6323(f) and Section 240(2)(a) of the New York Lien Law.

2. The debtor's payment of approximately $20,000 to the Internal Revenue Service within ninety days before the commencement of this Chapter 7 case in reduction of the amount secured under the properly filed tax liens held by the Internal Revenue Service does not constitute a voidable preference under 11 U.S.C. § 547(b). Accordingly, the trustee's complaint is dismissed.

3. The Internal Revenue Service shall pay to the trustee the sum of $143.22 that was not applied towards the tax liens in question and which the Internal Revenue Service agreed to return to the debtor's estate.

SUBMIT ORDER ON NOTICE.