## In re BLACK ANGUS MEATS OF PAOLI, INC., Debtor.

**Leonard P. GOLDBERGER, Interim Trustee, Plaintiff,**

**v.**

**Edward P. SHANAUGHY, Argus Consulting, Inc., S & H Black Angus, Inc., and Any Unknown Persons or Entities Controlled by Edward P. Shanaughy, Defendants.**

**Bankruptcy No. 80–02926G.**
**Adv. No. 83–0762G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 1, 1983.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for interim trustee.

Alan C. Gershenson, Samuel H. Becker, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

We are asked to reconsider an order entered by us on May 12, 1983, dismissing the plaintiff's complaint for failure to state a claim upon which relief can be granted.

The problem confronting us originally and in this motion for reconsideration is the adequacy of the trustee's pleading, based on "information and belief," in which he seeks to recover "all payments made by the debtors as preferences pursuant to Section 547 of the Bankruptcy Code," and in which, also on "information and belief," he seeks "judgment in the amount of all property fraudulently conveyed by the debtors" as proscribed under § 548. Nowhere does the complaint state either the amounts of the alleged preferential payments or of the purported fraudulent conveyances, nor does it in any way identify the property allegedly transferred by the debtors. In short, the complaint is so vague and uninformative as to defy answer.

The plaintiff urges support for his position from three citations, none of which are pertinent. In *In re Castillo,* 7 B.R. 135 (S.D.N.Y.1980) Judge Schwartzberg states (and we agree) that "a complaint must be dismissed if it fails to state a claim upon which relief can be granted. Very little is required in a complaint as long as it sets forth the basis upon which relief is sought." But "very little" doesn't mean "nothing." In the case *sub judice* the plaintiff sets forth not a single fact upon which the defendants can predicate an answer or prepare for trial.

Next, the plaintiff cites *In re The King's Place,* 6 B.R. 305 (E.D.Pa.1980), in which our colleague, Judge Twardowski, stated with characteristic clarity that "[W]hat the rules do require is that the complaint 'set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him' *Union Mutual Life Insurance Co. v. Simon,* 22 F.R.D. 186, 187 (E.D.Pa.1958)." In the case before us the plaintiff fails to set forth any *facts* which apprise the defendants of the charges against them. The generalities which *are* pleaded tell the defendants nothing.

Finally, the plaintiff quotes from *Wright and Miller's* Treatise on Federal Practice and Procedure: 5 Civil Section 1298, 408:

> ... it is proper to merely allege that plaintiff seeks to have a conveyance set aside on the grounds that Defendant C.D. on or about ... (date) ... conveyed all his property, real and personal to Defendant E.F...

We envision no support in the above quotation for the plaintiff's failure to plead the dates of the alleged fraudulent transfers, or the property purported to have been transferred. (Wright and Miller provide both for the date of the alleged conveyance and for the designation of what was conveyed, i.e., "all his property, real and personal.")

In short, we are of the opinion that the complaint is so totally devoid of facts that the motion to dismiss the complaint had to be granted and the motion for reconsideration will be denied.