**In re CAROLINA RESORT MOTELS, INC. d/b/a Casa Del Mar Beach Club I, Debtor.**

**William E.S. ROBINSON, Trustee, Plaintiff,**

v.

**UNITED STATES of America By and Through the INTERNAL REVENUE SERVICE, Defendant.**

**William E.S. ROBINSON, Trustee, Plaintiff,**

v.

**SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION, Defendant.**

**Bankruptcy No. 83–00508 C–11.
Adv. Nos. 85–0076, 85–0072.**

United States Bankruptcy Court, D. South Carolina.

July 26, 1985.

William E.S. Robinson, Columbia, S.C., for plaintiff trustee.

William E.S. Robinson, Columbia, S.C., trustee.

Meg Slocum, for I.R.S.

William H. Griffin, Columbia, S.C., for South Carolina Employment Sec. Com'n.

## MEMORANDUM OPINION

RUFUS W. REYNOLDS, Bankruptcy Judge.

THESE MATTERS came on to be heard and were heard by the Honorable Rufus W. Reynolds, U.S. Bankruptcy Judge, on June 13, 1985, upon the complaints of Mr. William E.S. Robinson, Trustee, seeking to avoid the tax liens of the Internal Revenue Service (IRS) and the South Carolina Employment Security Commission as voidable preferences under Section 547(b) of the Bankruptcy Code (11 U.S.C. Section 547(b)) and upon the motion by the IRS to dismiss the complaint for failure to state a cause of action and upon the answer filed by the South Carolina Employment Security Commission. Mr. William E.S. Robinson appeared on behalf of the Trustee, and Ms. Meg Slocum appeared on behalf of the IRS. There was no personal appearance on behalf of the South Carolina Employment Security Commission; however, this party filed a brief in the matter. The Court has considered the pleadings and all documents filed in these matters.

## STATEMENT OF FACTS

On March 22, 1983, the Debtor filed a petition for relief under Chapter 11, title 11 of the United States Code. On January 13, 1983, the IRS filed a notice of a federal tax lien against the Debtor for $28,581.25 in the Office of the Clerk of Court of Horry County, South Carolina in Judgment Roll No. 55754. On February 18, 1983, the South Carolina Employment Security Commission filed a notice of a tax lien against the Debtor for $716.06 in the Office of the Clerk of Court of Horry County, South Carolina in Judgment Roll No. 56012. On January 7, 1983, the South Carolina Employment Security Commission filed a notice of a tax lien against the Debtor for $1,053.54 in the Office of the Clerk of Court of Horry County, South Carolina in Judgment Roll No. 55751.

The Plaintiff Trustee seeks to set aside the Defendants' federal and state tax liens as voidable preferences under Section 547(b) of the Bankruptcy Code. On May

22, 1985, the Defendant IRS filed a motion to dismiss for failure to state a claim upon which relief can be granted and a memorandum in support of the motion to dismiss. In its memorandum, the IRS argues that the filing of a notice of a federal tax lien is not a "transfer" of property of the Debtor and that even if such filing constituted a transfer of property of the Debtor, said transfer would not be subject to avoidance as a preference according to 11 U.S.C. Sections 545(2) and 547(c)(6). On May 23, 1985, the Plaintiff Trustee filed a memorandum in opposition to the IRS' motion to dismiss. On June 20, 1985, the IRS filed a reply to the Plaintiff's memorandum in opposition of the Defendant's motion to dismiss.

The Defendant, South Carolina Employment Security Commission, filed an answer on May 20, 1985, asserting that its tax liens were exceptions to the Trustee's avoiding powers under Section 547(c)(6) of the Bankruptcy Code. On June 20, 1985, the Plaintiff Trustee filed a memorandum of law. On July 8, 1985, the Defendant South Carolina Employment Security Commission filed its memorandum of law. A hearing was held in these matters on June 13, 1985.

## ISSUE

The issue which the Court must decide is whether the Plaintiff Trustee may set aside the Defendants' federal and state tax liens as voidable preferences under Section 547(b) of the Bankruptcy Code.

## DISCUSSION

I. THE PLAINTIFF TRUSTEE CANNOT AVOID THE STATUTORY LIENS AS PREFERENCES.

A. *A tax lien is a statutory lien.*

The Plaintiff Trustee seeks to avoid the tax liens of the IRS and the South Carolina Employment Security Commission as voidable preferences under the language of Section 547(b) of the Bankruptcy Code. Section 547(b) provides, in pertinent part, as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enabled such creditor to receive more than such creditor would receive if—

(A) the case or a case under Chapter 7 of this title [11 USCS Sections 701–et seq.];

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided for by the provisions of this title [11 USCS Sections 1-et seq.].

Both the IRS and the South Carolina Employment Security Commission argue that tax liens are not avoidable as preferences according to Sections 545(2) and 547(c)(6) of the Bankruptcy Code. Section 547(c)(6) provides as follows:

(c) the trustee may not avoid under this section a transfer—

(6) that is fixing of a statutory lien that is not avoidable under Section 545 of this title [11 USCS Section 545].

Therefore, this section provides that a transfer is not avoidable if it is a statutory lien and it is not avoidable under Section 545.

A "statutory lien" is defined by Section 101(45) of the Bankruptcy Code as follows:

(45) "Statutory lien" means a lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statu-

tory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute or whether or not such interest or lien is made fully effective by statute.

The legislative history of Section 101(45) indicates that a tax lien is a statutory lien. The Senate Report notes that

Section 547(b)(2) provides that preferential transfers made by the debtor which may be avoided by the trustee are not to include tax payments and Section 547(c)(6) provides that the filing of a tax lien is not to be considered a preferential transfer, provided notice of the lien has been filed.

S.Rep. No. 989, 95th Cong., 2d Sess. *reprinted in* 1978, U.S.Code Cong. & Ad. News 5787, 5801.

The House Report also states that "tax liens are also included in the definition of statutory lien. H.R.Rep. No. 598, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad.News 6271. Thus, the legislative history clearly indicates that tax liens are statutory liens.

■ Several courts have also recognized that tax liens are statutory liens. *See, In re PDQ Copy Center,* 26 B.R. 77 (Bankr.S. D.N.Y.1982); *In re Barry, CCH,* Bankruptcy Law Reporter, 69,232 (1983); *In re Small, CCH,* Bankruptcy Law Reporter, 68,801 (1982); *In re Debmar Corp., CCH,* Bankruptcy Law Reporter, 68,842 (1982). Therefore, the Court concludes that the tax liens of both Defendants, the IRS and the South Carolina Employment Security Commission, are statutory liens.

B. *The tax liens are not avoidable under Section 545(2).*

Section 545 of the Bankruptcy Code provides in pertinent part:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(1) becomes effective against the debtor—

(A) when a case under this title [11 USCS Sections 1–et seq.] concerning the debtor is commenced;

(B) when an insolvency proceeding other than under this title [11 USCS Sections 1–et seq.] concerning the debtor is commenced;

(C) when a custodian is appointed or authorized to take or takes possession;

(D) when the debtor becomes insolvent;

(E) when the debtor's financial condition fails to meet a specified standard; or

(F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such purchaser exists;

(3) is for rent; or

(4) is a lien of distress for rent.

Sections 545(1), (3), and (4) do not apply to the facts of this case. Section 545(2) is the section upon which the Plaintiff Trustee relies in seeking to avoid the Defendants' tax liens as voidable preferences. Both the IRS and the South Carolina Employment Security Commission rely on Section 545(2) as a defense to the Plaintiff Trustee's avoiding powers under Section 547(b).

Section 545(2) provides that the Trustee may avoid the fixing of a statutory lien on property only to the extent that such lien is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser. At the time of the commencement of the Debtor's case on March 22, 1983, the tax liens, i.e. statutory liens, of the IRS and the South Carolina Employment Security Commission were perfected. The federal tax lien of the IRS arose under 26 U.S.C. Sections 6321 and 6322 upon the assessment of liability for tax against the taxpayer Debtor. Sections 6321 and 6322 provide essentially that a lien upon all property and rights to property of the taxpayer arises at the time when

the tax liability of the taxpayer is assessed. Section 6323 of title 26 provides that a federal tax lien shall not be valid against the rights of certain third parties, such as purchasers, holders of security interests, mechanic's lienors and judgment lien creditors unless a notice of federal tax lien has been filed. Pursuant to Section 6323 of title 26, the IRS filed a notice of tax lien against the taxpayer Debtor on January 13, 1983. The Debtor filed a petition for relief under Chapter 11 of title 11 on March 22, 1983. Therefore, at the time of the commencement of the case on March 22, 1983, the tax lien, i.e. statutory lien, of the IRS was perfected as against a bona fide purchaser and the Plaintiff Trustee cannot avoid this lien pursuant to Section 545(2).

■■■ The tax liens of the South Carolina Employment Security Commission were perfected and enforceable against a bona fide purchaser at the time of the commencement of the Debtor's case. The South Carolina Employment Security Commission filed notices of tax liens against the Debtor on February 18, 1983 and January 7, 1983. The Debtor filed a petition for relief under Chapter 11 of title 11 of the U.S.Code on March 22, 1983. Since the tax liens of the South Carolina Employment Security Commission were perfected at the commencement of the case as against a bona fide purchaser, the Plaintiff Trustee may not avoid the fixing of these tax liens, i.e. statutory liens, pursuant to Section 545(2). Section 547(c)(6) provides that a Trustee may not avoid, as a preference, a transfer that is the fixing of a statutory lien that is not avoidable under Section 545. The statutory liens of the IRS and the South Carolina Employment Security Commission are not avoidable pursuant to Section 545. Therefore, Section 547(c)(6) prohibits the Plaintiff Trustee from avoiding the statutory liens of the IRS and the South Carolina Employment Security Commission as preferences.

## II. THE FILING OF NOTICES OF TAX LIENS PRECLUDES THE FINDING OF A PREFERENCE

■■■ In order to avoid the tax liens of the IRS and the South Carolina Employment Security Commission, the Trustee must establish all of the essential elements of a voidable preference delineated under 11 U.S.C. Section 547(b). One essential element of a voidable preference delineated under the above section is found in Section 547(b)(5) which requires that the creditor defendant receive more than he would have received upon distribution under Chapter 7. In this case, both the IRS and the South Carolina Employment Security Commission filed notices of tax liens prior to the Debtor filing a petition for relief under Chapter 11, title 11 of the U.S.Code, on March 22, 1983. Therefore, both the IRS and the South Carolina Employment Security Commission are secured tax lienholders. If the IRS and the South Carolina Employment Security Commission hold fully secured claims pursuant to their valid tax liens, no voidable preferences would result upon payment because these entities would not have received any more than they would receive in liquidation under Chapter 7 of the Code. *See, In re PDQ Copy Center,* 26 B.R. 77 (Bankr.S.D. N.Y.1982); *In re Castillo,* 7 B.R. 135 (Bankr.S.D.N.Y.1980); *In re Community Hospital of Rockland County,* 15 B.R. 785 (Bankr.S.D.N.Y.1981); *In re Hale,* 15 B.R. 565 (Bankr.S.D.Ohio 1981). Therefore, the filing of the notices of tax liens precludes the finding of one of the essential elements of a preference as set out in Section 547(b) and therefore precludes the finding of any preference at all.

## CONCLUSIONS

For the reasons stated above, the Court concludes that the tax liens of both Defendants, the IRS and the South Carolina Employment Security Commission, are statutory liens; that the Plaintiff Trustee cannot avoid the tax liens, i.e. statutory liens, of the Internal Revenue Service and the South Carolina Employment Security Commission as preferences; that the filing of a notice of tax lien precludes the finding of a preference; and that these adversary proceedings should be dismissed.

Let an order be entered consistent with this Memorandum Opinion.