In the Matter of Cecil R. COOTS, Carolyn Sue Coots, Debtors.

WINTERS NATIONAL BANK AND TRUST COMPANY, 40 North Main Street, Dayton, Ohio 45402, Plaintiff,

v.

Cecil R. COOTS, Carolyn Sue Coots, 2855 Whitehorse, Kettering, Ohio, Defendants.

Bankruptcy Nos. 3–79–01709; 3–79–01710.

United States Bankruptcy Court, S. D. Ohio, W. D.

May 15, 1980.

Christopher Hawk, Dayton, Ohio, for debtors.

R. L. Cousineau, Dayton, Ohio, for plaintiff.

John Ducker, Dayton, Ohio, Trustee.

### DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for review of the Winters National Bank and Trust Company, a secured creditor herein, motion requesting the Court to approve a reaffirmation agreement between itself and the above debtors in the amount of One Thousand Seven Hundred Six and 35/100 Dollars ($1,706.35). For the reasons set forth below, the Court finds this motion not well taken.

The debtors filed their voluntary petition under Chapter 7 of the Bankruptcy Code with this Court on October 5, 1979. Their schedules show an estate with property valued at approximately $18,442.37 and debts totalling approximately $53,829.00. Among the debts listed in Schedule A–2—Creditors Holding Security is a loan from the Winters National Bank secured by the debtors' home. The Court granted the debtors their discharge in bankruptcy on January 17, 1980. The Winters National Bank and Trust filed its motion for leave to reaffirm the subject debt on January 21, 1980, subsequent to the granting of the discharge.

A careful and precise reading of § 524(c) of the new Title 11 of the United States Code reveals that reaffirmation agreements regarding debts that are secured by real property of the debtor must comply with all requirements of that section except subsection (c)(4). Section 524(c) provides as follows:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;

(3) the provisions of subsection (d) of this section have been complied with; and

(4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement . . .

Because a debt based on real estate is a dischargeable debt, the use of such a debt as consideration for a reaffirmation agreement makes that agreement subject to the provisions of § 524(c). (The Court would explain that the dischargeable portion of a debt secured by real estate is the debtor's personal liability for the debt; we acknowledge that the property itself remains subject to the debt under any mortgage agreement).

The first requirement for an enforceable agreement under § 524(c) is the agreement must be made before the discharge has been granted. The second requirement is the debtor must not have rescinded the agreement within 30 days after the agreement became enforceable. The next requirement is the court must have complied with the provisions of subsection (d) of § 524. The final requirement of § 524(c) is, in a case concerning an individual and a reaffirmation agreement for a debt that is not secured by real property of the debtor, the court must approve the agreement according to the criteria set forth in the subsection. We believe subsection (4) of § 524(c) is the most telling of the four subsections. First, it is the only subsection which makes specific reference to and distinction of debts that are not secured by real property. This leads the court to believe that Congress intended the other subsections of § 524(c) to apply to both debts secured by real property and those not se-

cured by real property. The other very important point about subsection (4) in relation to the case at bar is it is the only subsection to mention the necessity for court approval of reaffirmations. The subjection specifically states the court must approve reaffirmations of consumer debts not secured by real property; there is no requirement that the court approve reaffirmations of consumer debts that are secured by real property of the debtor. Thus, this Court holds that only reaffirmation agreements concerning individuals and their consumer debts not secured by real property need be approved by the Court.

For a complete understanding of § 524(c), we must also examine § 524(d). The latter section provides, in pertinent part:

(d) In a case concerning an individual . . . the court shall hold a hearing at which the debtor shall appear in person. At such hearing . . . [i]f a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then at such hearing the court shall—

.    .    .    .    .

(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(4) of this subsection, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

Once again, the statute refers to court approval of a reaffirmation agreement, and, once again the reference is only with regard to agreements based on consumer debts that are not secured by real property. The Court views § 524(d) as further support for the position that courts need not approve all reaffirmation agreements entered into between debtors and creditors. Instead, court need only approve agreements based on consumer debts not secured by real property.

However, the Court must point out that the issue of court approval is the only issue on which § 524(c) and (d) distinguish between consumer debts secured by real property and those not secured by real property. The specific distinction between these two types of debts set forth only in § 524(c)(4) and § 524(d)(2) leads this Court to hold that the remainder of those sections applies equally to real property debts as well as to non-real property debts as long as the debt is a dischargeable debt as required in § 524(c).

Consequently, this Court holds that a reaffirmation agreement based upon a debt that is secured by real property of the debtor must comply with § 524(c)(1) and, therefore, must be made before the granting of the discharge. In the case at bar, the creditor has not offered any evidence indicating the subject agreement was entered into prior to January 17, 1980, the date of discharge. On the contrary, the creditor's motion filed January 21, 1980 asks the Court to allow the debtors to reaffirm. The Court infers from this that no agreement had previously been made. Thus, the proposed reaffirmation agreement was not made in time to comply with § 524(c)(1) and, therefore, is unenforceable against the debtors. The Court would reiterate that only personal liability of the debtors is precluded by this decision; the mortgaged property will remain subject to the creditor's claim.

Disposition of the issues raised *instanter* does not resolve practical problems being experienced by real estate mortgagees, creating very severe questions of the title in the event subsequent circumstances, including defaults, require a mortgagee to institute foreclosure actions. If the mortgagee foregoes an immediate legal action for adequate protection in light of the possibility of depreciation in value or damage and destruction of the property in the future, is a discharged debtor discharged from the obligation giving rise to the action on the mortgage lien? Because of such serious doubts arising from the ambiguities written into the Bankruptcy Code, both mortgagor and mortgagee feel constrained to obtain a judicial determination so that the debtor can retain both the residence and the benefits of existing financing.

Since we have determined that no jurisdiction was conferred for real estate reaffirmations by the reaffirmation provisions of the Bankruptcy Code, the further conclusion follows that any order of court in this regard is a nullity and does not resolve the potential for future vagaries.

Since the operative facts are now before the court, and for the purpose of avoiding additional title uncertainty and litigation, the basic title questions will be resolved by a separate order herein based on the adequate protection concepts incorporated throughout the Bankruptcy Code and upon the redemption concepts (even though applicable to tangible personal property only in Section 722 of the Code), pursuant to the jurisdiction conferred by Section 362(d) of the Bankruptcy Code to grant relief from the stay orders and the desire of the debtors to redeem.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that, because it was not entered into prior to the discharge in bankruptcy herein, the proposed reaffirmation agreement between the Winters National Bank and Trust Company and the above debtors is unenforceable as against any personal liability of said debtors;

It is further ORDERED, ADJUDGED AND DECREED that approval of a reaffirmation agreement as set forth in § 524(c)(4) is not necessary where the consideration for such reaffirmation agreement is a debt secured by real property;

It is further ORDERED, ADJUDGED AND DECREED that the Winters National Bank and Trust Company shall retain its lien on the real property of the debtors and such property shall remain subject to the creditor's claim.

Therefore, the creditor's motion for a court order to allow the within debtors to reaffirm their obligation to it is hereby DENIED.

ORDERED, however, that the separate order annexed hereto shall be effective after 30 days, as provided therein.

## ORDER

Upon the Application of debtors and the real estate mortgagee, and

■ It appearing from the evidence that the Debtors have expressed the desire to execute a redemption agreement with the Mortgagee holding a mortgage lien upon real property which the Debtors have elected to retain for family residential purposes;

And it further appearing that the Debtors attended a discharge hearing and received the Court's advice and admonition of the legal effect and consequences of such an agreement and the rights obtained by a discharge in bankruptcy.

And it further appearing that the real estate mortgagee has agreed to forego any present right to seek immediately a foreclosure of its interests and lien for adequate protection in light of the possibility of depreciation in value or destruction of the property, if the court approves of such a redemption agreement.

And it further appearing that the Trustee in Bankruptcy has elected to abandon any interest in the property because same is subject to superior, exemption and lien rights which would permit no feasible dividends to creditors upon liquidation of the bankruptcy estate:

ORDERED, ADJUDGED AND DECREED, that the redemption and reaffirmation agreement is in the best interests of the debtor and imposes no undue hardship upon Debtors; and, that it should be validated and held binding upon all parties for the benefit of the Debtors in maintaining a family residence, and to provide adequate protection to the real estate mortgagee in lieu of granting forthwith leave to file a foreclosure action of such entity's lien interest in the property not affected by a discharge in bankruptcy, subject, however, to the right of Debtors to rescind the agreement within 30 days after date of this order.