In re Vincent P. FITZGERALD, Barbara A. Fitzgerald, Debtors.

COMMUNITY STATE BANK, Plaintiff,

v.

Vincent P. FITZGERALD and Richard H. Weiner, Trustee, Defendants.

Bankruptcy No. 80–12350.
Adv. No. 82–1102.

United States Bankruptcy Court,
N. D. New York.

April 8, 1982.

Nolan & Heller, Albany, N. Y., for plaintiff.

Herzog, Engstrom, Nichols & Koplovitz, Albany, N. Y., for defendants.

### MEMORANDUM–DECISION AND ORDER

JUSTIN J. MAHONEY, Bankruptcy Judge.

Community State Bank, ("Community"), requests an order in clarification of its secured claim status. Vincent P. Fitzgerald, ("debtor"), relying on the debtor's discharge, opposes the granting of any relief and, further, contends that Community has improperly resisted attempts by the debtor to exercise his right of redemption.

### STATEMENT OF FACTS

1. This Court has jurisdiction over the parties and subject matter.

2. The debtor together with his wife filed a joint petition for Chapter 7 relief on October 23, 1980.

3. On September 8, 1979, the debtor borrowed from Community the sum of Three Thousand Nine Hundred Fifty Dollars and Thirty-six Cents ($3,950.36); the loan was secured by a 1976 Buick.

4. The debtor acknowledged the secured status of Community prior to the debtor's discharge.

5. The debtor's claim of exemption not having been challenged is allowed in the amount of One Thousand Two Hundred Dollars ($1,200).

6. The debtor approximated the value of the vehicle in his schedules in the amount of One Thousand Six Hundred Dollars ($1,600).

7. The debtor received his discharge on January 25, 1982.

8. The debtor's obligation to Community is in default; no payment has been made since the commencement of the Chapter 7 filing; the vehicle is in the possession of the debtor.

9. At the time of the Chapter 7 filing, the debtor was in default in his payment to the extent of Two Thousand Five Hundred Six Dollars and Fifty-two Cents ($2,506.52) plus interest.

10. The trustee has expressed no interest in the controversy; the value of the vehicle does not exceed the total interest of the secured claim and exemption claim.

11. There is no question that Community's security interest has been perfected and that its lien status has been duly recorded with the Department of Motor Vehicles.

12. Prior to discharge, the parties, as a result of correspondence exchanged during the months of April and July, 1981, had agreed upon the value of the secured claim.

13. Community has not entered into any reaffirmation agreement with the debtor.

### DISCUSSION

THE ISSUE IS WHETHER IN REM LIEN RIGHTS SURVIVE THE DEBTOR'S DISCHARGE OF PERSONAL LIABILITY FOR THE UNDERLYING DEBT.

Prior to the adoption of the Code, Subdivision (f) of Section 14 of the Bankruptcy Act relieved the debtor from any personal liability for debts that were discharged in the bankruptcy proceeding.

Under the present circumstances of this case, creditors' lien rights pursuant to Section 14(f)(2) of the now repealed Bankruptcy Act would survive. The case of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), established the rule that a debtor's discharge will not prevent enforcement of a valid lien on non-exempt property as well as on exempt property.

The loss of creditors' in rem lien rights by reason of a debtor's discharge would be a most eventful departure from the rule established in *Long v. Bullard*, supra. The potential injury to the secured claim status of lenders by reason of loss of in rem lien rights is not a trivial matter. The elimination of such rights imperils and makes un-

stable the mortgage and lien inventories of professional lenders and especially those inventories associated with homes and new cars.[1]

Nevertheless, the validity of the rule established in *Long v. Bullard*, supra, has been challenged by at least one Court's interpretation of Section 524(a)(2) of the Code.[2] Admittedly, the language in the new Code Section is imprecise and ambiguous. The case of *In re Williams*, 7 BCD 388, 9 B.R. 228, 4 C.B.C.2d 95 (Bkrtcy.D.Kan. 1981), reasons that subsequent to a grant of discharge to the debtor any enforcement of in rem lien rights would be violative of the Section 524(a)(2) injunction.

The case of *In re Williams*, supra, stands for the proposition that the creditor who did not, prior to the debtor's discharge, seek to protect his interest by reaffirmation or other alternatives under the Code in pursuit of the protection of his secured claim status may not foreclose or enforce in rem lien rights that existed prior to the Chapter 7 filing. In short, the debtor's discharge not only relieves him of personal liability for his debts but also insulates from legal action the res which stood as security for the underlying debt. This is the result, according to *Williams*, when the bankruptcy case is devoid of any action establishing new relationships between the debtor, his property, and the creditor.

To accept *Williams* reasoning, one must assume that grounds existed during the bankruptcy case that would permit the creditor to obtain permissible Code relief that affects the debtor's property. But frequently grounds do not exist that would entitle the creditor to either vacation of stay, foreclosure, or replevin; reaffirmation can not be compelled.

■ Consequently, extending the *Williams* rationale, if the debtor were to maintain currency on his car or mortgage note, the debtor, post-discharge, would have no legal obligation to pay, and his property that stood as security for the secured claim would not be susceptible to the enforcement of in rem lien rights. This is more than a fresh start or a head start; it is a flying start.

This Court, rejecting the rationale of *In re Williams*, supra, prefers the reasoning set forth in the case of *In re Norman Weathers*, 8 BCD 524, 15 B.R. 945 (Bkrtcy. D.Kan.1981), in explanation of the ambiguous language found in Section 524(a)(2) of the Code. See *In re Grimes*, 7 BCD 576, 6 B.R. 943, 3 C.B.C.2d 332 (Bkrtcy.D.Kan. 1980); *In re Coots*, 6 BCD 429, 4 B.R. 281, 2 C.B.C.2d 233 (Bkrtcy.S.D.Ohio 1980).

Section 524(a)(2) of the Code intends, among other things, to enjoin creditors from harassing or dunning the debtor in attempts to obtain payments for debts that have been discharged. The legislative history of Section 524(a)(2) as reported in *H.R. No.95–595*, 95th Cong., 1st Sess. 365–366 (1977); *S.R.No.95–989*, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, specifically condemns attempts to collect any discharged debt as a personal liability of the debtor or from the property of the debtor.

The injunction against dunning or harassment corrects a problem that existed under the Act. While Section 14(f)(2) of the Act proscribed legal process or action subsequent to the debtor's discharge, it did not enjoin the use of non-judicial methods. In the case of *In re Jimmy Irvin Thompson*, 2 BCD 846 (S.D.Texas 1976), the Court noted that Section 14(f)(2) only proscribes further legal action by creditors once the bankrupt is granted a discharge and does not enjoin the use of non-judicial methods. Section

---

1. It is most unusual that such crucial legislation affecting adversely heretofore protected rights of secured creditors could have been enacted without hearing a whisper from the established lending interests.

2. Section 524(a) provides in pertinent part:
   (a) A discharge in a case under this title—

. . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, *or from property of the debtor*, whether or not discharge of such debt is waived; and . . . (Emphasis added.)

14(f)(2) of the Act enjoined only legal process or action. Section 524(a)(2) of the Code goes a step further and enjoins "any act" that could be designated as harassment or dunning.

THE NEXT ISSUE RELATES TO THE RIGHTS OF REDEMPTION UNDER SECTION 722 OF THE BANKRUPTCY CODE.

■ Section 722 of the Bankruptcy Code, 11 U.S.C. Section 722, affords the debtor the right to redeem tangible personal property used primarily for personal, family or household use if such property has been exempted under 11 U.S.C. Section 522 or been abandoned under 11 U.S.C. Section 554. Here the collateral, a 1976 Buick LeSabre, is used by the debtor for personal and family purposes and has been exempted to the debtor.

The right to redeem extends to the whole of the property, not just the debtor's exempted interest in it. This Section of the Code permits the debtor to redeem the property or to regain possession thereof by paying the amount of the allowed secured claim of the holder secured by the lien on the property. The debtor will be required to pay the fair market value of the property or the amount of the claim if the amount is less. The right is personal to the debtor and not assignable.

### CONCLUSIONS OF LAW

1. The secured claim status of Community is unaffected by the debtor's discharge. Community's in rem lien rights are preserved.

2. The debtor upon payment to Community of the market value of the vehicle, as previously agreed to by the parties, is entitled to exercise his right to redemption.

IT IS SO ORDERED.