In re Roger Dale HAMILTON and Cynthia Elaine Hamilton a/k/a Cynthia Elaine Boyd, Debtors.

SEARS, ROEBUCK AND CO., a New York corporation, Plaintiff,

v.

Roger Dale HAMILTON, Defendant.

Bankruptcy No. 82–81.
Adv. No. 82–44.

United States Bankruptcy Court, D. Delaware.

July 20, 1982.

Eric M. Doroshow, Wilmington, Del. for defendant.

Patrick Scanlon, Dover, Del., for plaintiff.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

On April 28, 1982, Sears, Roebuck and Co. ("Sears") filed in the Hamiltons' Chapter 7 bankruptcy proceeding a proof of claim in the amount of $1,223.73 asserting a purchase-money security interest in a television set, 16″ saw and case, stove piping and a fence. It filed on May 21 a complaint asking for relief from the automatic stay so it could proceed against its collateral. So that the hearing on its complaint could be held more than 30 days after its filing, Sears also filed a waiver of any benefit it would receive under 11 U.S.C. § 362(e). On June 2, Roger Dale Hamilton ("Hamilton") counterclaimed to redeem the property under 11 U.S.C. § 722. Trial was held July 19.

The Hamiltons' claim for exemptions included household goods, supplies and furnishings valued at $2500 and their equity in residential real estate. No objections were filed to the claimed exemptions within the time stated in the "341 meeting notice order" so the property claimed as exempt became exempt on April 23. The trustee's notice of his intention to abandon the real estate as property of the bankruptcy estate became effective May 20. The Hamiltons were granted a discharge on June 10. Consequently, Sears' request for relief from the

§ 362(a) stay was moot on the trial date. 11 U.S.C. § 362(c)(1) and (2)(C).

But for the counterclaim, this court would no longer have jurisdiction over any of the items in which Sears claims a security interest. The stove piping and fencing went with the sale by the Hamiltons of their real estate the early part of June. Sears must look to the state courts for a resolution of its rights as to those items. The chain saw with case and the television set as exempted property are in Hamilton's possession.

 Sears' assertion that it is a secured creditor by virtue of a purchase-money security interest is correct. Its retail installment sales contract titled "Searscharge Security Agreement" (Plaintiff's Exhibits # 1 through # 4, ¶ 7) created a valid purchase-money security interest under Delaware law as to Hamilton. 6 Del.C. § 4314 and 6 Del.C. §§ 9–107(a) and 9–302(d). Although Hamilton's personal liability on the underlying debt has been discharged, Sears retains a valid security interest in the television set and chain saw with case. Section 506(d) of Title 11 permits liens to pass through a bankruptcy case unaffected. Section 522(c)(2) adopted the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) that the security of a creditor is preserved despite a debtor's claim of exemptions. 3 *Collier on Bankruptcy* (15th ed.) § 524.01 p. 524–14.

The remaining issue is whether Hamilton now has the right to redeem the television set and chain saw with case. If a debtor has exempted property intended primarily for personal, household or family use, he may under § 722 keep that property by paying the amount of the "allowed" secured claim to the holder of the lien on the property. No objections having been filed to Sears' claim, it is deemed allowed under § 502(a). The value of the property against which Sears has a lien and which Hamilton wishes to retain is $419.98 (chain saw with case $195.99 and television set $223.99).

The Code and rules are silent as to when a debtor must take action to accomplish redemption. The Code is quite clear that reaffirmation of a debt must take place before a discharge is granted. Consequently, it is reasonable to require a debtor to notify a creditor of his intention to redeem claimed exempt property from a lien prior to the entry of the discharge order. Luckily for Hamilton, Sears' request for relief from stay permitted him to put in the record notice of his intention to redeem before the discharge order was entered.

## ORDER

AND NOW, July 20, 1982, for the reasons stated in the attached Memorandum Opinion IT IS ORDERED THAT:

1. Defendant, Roger Dale Hamilton, may redeem from the lien of the plaintiff, Sears, Roebuck and Co., a 16″ chain saw with case and a television set by paying to plaintiff the sum of $419.98 ($195.99 and $223.99 respectively).

2. If defendant fails to redeem these items or either of them on or before August 19, 1982, the plaintiff may proceed against the property in accordance with the law of the State of Delaware.