**In re Jerry E. DAWSON and Teresa C. Dawson, Debtors.**

**Bankruptcy No. 80 B 2760.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 13, 1982.

Richard N. Golding, Lord, Bissell & Brook, Chicago, Ill., for creditor.

John K. Kneafsey, Chicago, Ill., for debtors.

MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the petition for rule to show cause for contempt of the Debtors, JERRY E. DAWSON and TERESA C. DAWSON (Debtors), represented by JOHN K. KNEAFSEY, Attorney at Law, against the Creditor, LIBERTY LOAN CORPORATION (Creditor), represented by RICHARD N. GOLDING, Attorney at Law; and

The Court having examined the pleadings filed in this matter, having received and examined memoranda of law submitted by the parties in support of their respective positions, having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. The Debtors own a home located at 3511 Condit, Highland, Lake County, Indiana, upon which American Savings & Loan Association holds a first mortgage in the amount of $27,030.20 and the Creditor, Liberty Loan Corporation, holds a second mortgage in the amount of $19,233.74. On March 6, 1980, the Debtors filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code and scheduled the Creditor as secured on Schedule A–2 as follows:

Liberty Loan, 6936 Indianapolis $14,933

Blvd. Hammond, IN Account
# 03914—lien against
house 2nd mortgage

A real estate appraisal of the subject property was rendered, and the property as of March 6, 1980 was valued in the sum of $44,700.00. Based on this value, the Debtors' exemption of $15,000.00 and the first and second mortgages detailed above, the Interim Trustee, Allen R. Cohen, filed a no asset report on April 17, 1980. On April 17, 1980, this Court entered an order approving said no asset report. On June 12, 1980, an order of discharge was entered, and the Debtors executed a reaffirmation agreement on the above described first mortgage with American Savings & Loan Association but did not execute a reaffirmation agreement with reference to the second mortgage.

2. On September 14, 1981, the Creditor filed a mortgage foreclosure proceeding in Lake Superior Court in Hammond, Indiana, Case Number 181 1164, and sought the sum of $19,233.75, in addition to costs and interest as a judgment against the Debtors. On September 28, 1981, the Creditor filed an amended complaint in the Lake Superior Court which seeks foreclosure on the mortgage but seeks no money judgment against the Debtors. On October 5, 1981, the Debtors filed the instant petition for a rule to show cause, and on October 7, 1981, the Creditor filed its response.

The Court Concludes and Further Finds:

1. It is a basic principal of bankruptcy law that the rights of creditors with duly perfected security interests are not altered by the bankruptcy laws or the order of discharge. The Debtors argue, however, that since the $15,000.00 homestead exemption claimed is less than the indebtedness owed to the Creditor, Liberty Loan Corporation, the second mortgage lien is void because the exemption is impaired by the lien. Under Section 522(f) of the Bankruptcy Code judicial liens or non-purchase money liens which impair exemptions may be avoided by the Trustee or debtor. However, this power is limited. The first limitation is that in order to avoid a lien a complaint must be filed and a hearing held. Second, this avoiding power is limited to judicial liens based upon judgments or legal proceedings not security interests which are liens created by conveyance or contract. *In re Lowell,* 20 B.R. 464, 466 (Bkrtcy.D.Mass. 1982). *In re Jones,* 13 B.R. 945, 947 (Bkrtcy.E.D.Pa.1981), *In re Smith,* 16 B.R. 111, 112 (Bkrtcy.E.D.Wisc.1981); *In re Lamping,* 8 B.R. 709, 711 (Bkrtcy.E.D.Wisc. 1981). It has been held that:

A lien created by a security agreement is not a judicial lien. It is a consensual lien and not voidable by the debtor who was a party to the agreement. . . . A security agreement does not create a judicial lien and is therefore not voidable by the debtor under Section 522(f)(1).

In the instant case the Debtors or interim trustee did not file a complaint to avoid the lien of the Creditor, and the claim of Creditor is one for foreclosure to regain possession of the home rather than a money judgment which would constitute a judicial lien. Since the claim of Creditor is not voidable, it would remain standing and valid, and the Creditor would be well within its right to recover the property after discharge and conclusion of the automatic stay.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petition for rule to show cause of the Debtors, JERRY E. DAWSON and TERESA C. DAWSON, be, and the same is hereby denied.