UNITED STATES of America, Plaintiff,

v.

**David L. MARLOW, Defendant.**

**Civ. A. No. 83–2002.**

United States District Court,
D. Kansas.

Oct. 10, 1984.

Benjamin L. Burgess, U.S. Atty., Kansas City, Kan., Robert A. Olsen, Asst. U.S. Atty., Dick Sherbondy, Atty., Dept. of Agriculture, Kansas City, Mo., for plaintiff.

M. Doug Bell, Roger Gossard, Coffeyville, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motions for summary judgment of plaintiff and defendant.

■ The court is of course well acquainted with the standards governing summary judgment. Summary judgment may be granted when the court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. Pleadings and documentary evidence are to be construed liberally in favor of the party opposing summary judgment. *Harman v. Diversified Medical Investments Corp.*, 488 F.2d 111 (10th Cir.1973), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976). The movant must demonstrate beyond a reasonable doubt that he is entitled to summary judgment. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir.1975).

There are no facts in dispute in this action. On October 24, 1979, the defendant executed a promissory note and mortgage on his real estate located in Montgomery County, Kansas, to Farmers Home Administration (FHA). The defendant filed a petition in bankruptcy in the United States Bankruptcy Court in Wichita, Kansas, on March 31, 1981. On April 2, 1981, FHA was mailed a notice of bankruptcy by the clerk of the Bankruptcy Court. However, FHA never filed a proof of claim.

The subject real estate was claimed as exempt property by the defendant and the exemption was allowed. A general notice of abandonment was filed by the trustee on May 27, 1981. The debtor was discharged September 14, 1981, and the case was closed September 24, 1981.

The plaintiff remained completely passive throughout the entire bankruptcy proceedings. No proof of claim was filed; no motion for abandonment was filed; no reaffirmation agreement was obtained; no objection to the claimed exemption was filed; and no complaint for relief from stay or adversary actions were initiated.

The last payment made by the defendant on the note to FHA was in February 1981, and under the terms of the note he has been delinquent since that date. There remains due on the note the principal amount of $21,826.82 and interest to April 15, 1982, of $1,239.52, plus interest after that date at the daily rate of $5.3820.

The only remaining issue in this case is whether the plaintiff, after taking no affirmative action in the bankruptcy, may now take action against the defendant to foreclose its mortgage.

The only support for defendant's position that the lien was discharged in bankruptcy are the cases of *In re Williams*, 9 B.R. 228 (Bankr.D.Kan.1981) and *In re Ray*, 26 B.R. 534 (Bankr.D.Kan.1983), both decided by the Honorable James A. Pusateri. The other Bankruptcy Judges in the District of Kansas have reached the opposite result. *In re Smiley*, 26 B.R. 680, 683–84 (Bankr. D.Kan.1982); *In re Weathers*, 15 B.R. 945 (Bankr.D.Kan.1981); *In re Grimes*, 6 B.R. 943 (Bankr.D.Kan.1980). Other courts have also held that a pre-bankruptcy lien survives discharge. *Noble v. Yingling*, 29 B.R. 998, 1000–01 (Bankr.D.Del.1983); *Matter of Pierce*, 29 B.R. 612, 614–15 (Bankr.E.D.N.C.1983); *In re Dawson*, 25 B.R. 541, 542 (Bankr.N.D.Ill.1982); *In re Dickinson*, 24 B.R. 547, 550 (Bankr.S.D. Cal.1982); *In re Brock*, 23 B.R. 998, 1002 (Bankr.D.C.1982); *In re Nason*, 22 B.R. 690, 691–92 (Bankr.D.Me.1982); *In re Andrews*, 22 B.R. 623, 624–25 (Bankr.D.Del. 1982); *In re Hamilton*, 22 B.R. 560, 561 (Bankr.D.Del.1982); *In re Rosenow*, 22 B.R. 99, 100 (Bankr.W.D.Wash.1982); *In re Fitzgerald*, 20 B.R. 27, 29 (Bankr.N.D.N.Y. 1982); *In re Sawyer*, 18 B.R. 661, 662 (Bankr.D.Idaho 1982); *In re Childers*, 20 B.R. 681, 682–83 (Bankr.W.D.Ky.1981); *In re Geiger*, 12 B.R. 410 (Bankr.E.D.Wis. 1981); *In re Berry*, 11 B.R. 886 (Bankr.W. D.Pa.1981); *In re Krahn*, 10 B.R. 770 (Bankr.E.D.Wis.1981); *In re Sillani*, 9 B.R. 188 (Bankr.S.D.Fla.1981); *Matter of Bell*, 8 B.R. 549 (Bankr.E.D.Mich.1981); *In*

re *Williams,* 7 B.R. 234 (Bankr.M.D.Ga. 1980); *In re Cornist,* 7 B.R. 118 (Bankr.S. D.Cal.1980); *In re Honaker,* 4 B.R. 415 (Bankr.E.D.Mich.1980); *In re Coots,* 4 B.R. 281 (Bankr.S.D.Ohio 1980); *In re Robertson,* 4 B.R. 213 (Bankr.D.Colo.1980); *Matter of Meyers,* 2 B.R. 603 (Bankr.E.D.Mich. 1980). These cases uniformly hold that a discharge in bankruptcy extinguishes personal liability of the debtor, but not a valid creditor's lien.

Judge Pusateri's position in *Williams* and *Ray, supra,* is that the language of 11 U.S.C. § 524(a)(2) is clear on its face. "[D]ischarge ... operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, *or from property of the debtor,* whether or not discharge of such debt is waived." (Emphasis added.) Judge Pusateri says that the plain language of the words "or from property of the debtor" prevents a secured creditor from foreclosing on its lien after discharge. A noted commentator has stated that property of the debtor in § 524(a)(2) means property acquired by the debtor after commencement of the bankruptcy case. 3 *Collier on Bankruptcy* 524.01, at 524–08 (15th ed. 1981).

We believe that the language in § 524(a)(2) is not so clear that resort to legislative history is improper. Section 524(a)(2) must be considered with the related sections of Title 11, *i.e.* §§ 362, 506 and 522. *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) is cited with approval in the legislative history of the statute. The *Long* case held that a discharge in bankruptcy does not prevent the enforcement of valid liens. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 361 (1977), U.S.Code Cong. & Admin.News 1978, 5787 at p. 6317.

We believe that the decisions holding a lien survives discharge are sound and we adopt their reasoning.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted. IT IS FURTHER ORDERED

that defendant's motion for summary judgment is denied.