In re Kamal D. VERMA and Savitri Verma, his wife, Debtors.

Kamal D. VERMA and Savitri Verma, his wife, Plaintiffs,

v.

FIRST UNITED FEDERAL, formerly known as Cambria Savings and Loan Association; Mellon Bank, N.A.; American Express Company; Diners Club; Equibank; Sheonath B. Srivastrava; "Berger"; Somerset Trust Company; Internal Revenue Service, United States of America; Sun Oil Company; Salix State Bank; Bhaskaram Murali; and Riverside Service Station, Defendants.

Bankruptcy No. 86–1277.
Adv. No. 87–0136.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 29, 1987.

Robert O. Lampl, Janice L. Morison, Pittsburgh, Pa., for debtors.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., Gerard J. Mene, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

**MEMORANDUM OPINION**

JOSEPH L. COSETTI, Bankruptcy Judge.

The motion of the United States for dismissal of the action as it affects the lien of the United States is granted. The Debtors'

motion fails to state a cause of action as to the statutory lien of the United States. The motion of the Debtors for default as to the other Defendants who have not answered is granted.

■ The Debtors raise both 11 U.S.C. § 522(f) and 11 U.S.C. § 506 to avoid various liens. The Debtors claim an exemption in their residence located at 1038 Haverford Street, Upper Yoder Township, Cambria County, Pennsylvania. They believe the residence has a market value of $70,-000. A mortgage to First United Federal, recorded December 22, 1978, exists and a balance of approximately $68,700 is owed. There are various other mortgages and liens which attach to this property. Many of these Defendant creditors have not answered and are defaulted.

Among the liens the Debtors seek to avoid is a statutory tax lien of the United States. The United States has answered and has filed a Brief. The Code at 11 U.S.C. § 522(c)(2) specifically excepts statutory tax lien debts from discharge and exemption:

> (c) Unless the case is dismissed, *property exempted from this section is not liable during or after the case for any debt of the debtor* that arose, or that is determined under Section 502 of this title as if such debt had arisen, before the commencement of the case, *except—*
>> (2) a debt secured by a lien that is—
>>> (A)(i) not avoided under subsection (f) or (g) of this section or under Section 544, 545, 547, 548, 549, or 724(a) of this title; and
>>> (ii) not void under Section 506(d) of this title; *or*
>> (B) *A tax lien, notice of which is properly filed.* (Emphasis added.)

*See In re Davis,* 22 B.R. 523 (Bankr.W.D. Pa.1982); *In re Simonson,* 758 F.2d 103 (3d Cir.1985). Debtors may not exempt property in order to avoid the statutory tax lien which has attached to the property.

■ The Debtors also raise 11 U.S.C. § 506 in an attempt to avoid the tax lien. The Debtors argue that the United States' tax lien is not secured by value and should be declared unsecured. 11 U.S.C. § 506(a).

The United States concedes that the market value of this property is not sufficient to pay their claim. However, the United States argues that 11 U.S.C. § 506 can not be used to invalidate their statutory lien. *See Estate of Lellock v. Prudential Insurance Co.,* 811 F.2d 186 (3d Cir.1987); *United States v. Marlow,* 48 B.R. 261 (Bankr.D. Kan.1984).

More important, on the facts of this case, the parties agree that the lien of the United States is solely in the name of Savitri Verma and that the property is held as tenants by the entireties. Pennsylvania's entireties law provides that a lien filed against only one debtor spouse is inchoate as to entireties property and does not attach to the entireties property. In essence, the Debtors request this Court to avoid the inchoate characteristic of the United States' statutory lien. We do not decide here, but it appears from Pennsylvania law that the statutory lien will attach to this property if and when the property becomes solely the property of Savitri Verma. That event may or may not occur. *See Patwardhan v. Brabant,* 294 Pa.Super.Ct. 129, 429 A.2d 784, 785 (1982); *In re Barsotti,* 7 B.R. 205 (Bankr.W.D.Pa.1980).

In the case of *In re Tanner,* 14 B.R. 933 (Bankr.W.D.Pa.1981), this Court addressed issues related to 11 U.S.C. § 506. In *Tanner,* this Court permitted a debtor to declare a third mortgage to be unsecured because the value of the property would not support the third mortgage. However, the use of 11 U.S.C. § 506(a) requires a stated purpose:

> [S]uch value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

If the Debtors were able to claim this residence as exempt property, 11 U.S.C. § 506 would facilitate a fresh start by allowing the Debtors to sell or keep the property, pay the market value of the allowed secured debt and in the future enjoy the improvement of the financial position.

That cannot be the purpose in this case, because by 11 U.S.C. § 522(c)(2), Congress expressly excepted avoiding statutory tax liens for exemption or fresh start purposes. The Debtors have not provided a bankruptcy purpose for this avoidance action which does not violate the policy of 11 U.S.C. § 522(c)(2). The policy of 11 U.S.C. § 522(c)(2) determined by Congress applies clearly to 11 U.S.C. § 522(f). We apply the same policy to actions taken under 11 U.S. C. § 506. The lien does not attach to the entireties property; but if it did, it could not be avoided.