In re Robert F. TOTTEN, a/k/a/d/b/a R.T. Auto Body, Debtor.

Mary REITMEYER, Trustee, Plaintiff,

v.

INTERNAL REVENUE SERVICE; Noah T. Totten, Defendants.

Bankruptcy No. 87–1956.
Adv. No. 87–370.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 10, 1988.

Craig R. McKay, Asst. U.S. Atty., Pittsburgh, Pa., Delores M. Dillman, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

Mary Reitmeyer, Pittsburgh, Pa., Trustee.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

In this action, the trustee/plaintiff seeks to avoid federal tax liens as preferential transfers under 11 U.S.C. § 547. The United States of America moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7012(b), to dismiss the complaint with regard to the Internal Revenue Service.

On July 27, 1987, the debtor filed a voluntary petition in bankruptcy under chapter 7 of Title 11 of the United States Bankruptcy Code. Prior to this date, on May 27, 1987 and July 16, 1987, Notices of Federal Tax Lien were filed against the debtor in the records of the Court of Common Pleas of Allegheny County in accordance with the provisions of 26 U.S.C. § 6323(f).

These federal tax liens are statutory liens which arise under the provisions of 26 U.S.C. § 6321, et seq. The fixing of some statutory liens can be avoided as a preferential transfer if the requirements of section 547(c)(6) and section 545 of the Bankruptcy Code are met. Section 547(c)(6) states:

(c) The trustee may not avoid under this section a transfer ...

(6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title....

Under the provisions of 11 U.S.C. § 545, a tax lien for which a Notice of Federal Tax Lien has been properly filed before the bankruptcy estate is created is not included among the statutory liens that may be avoided. Therefore, to the extent that a Notice of Federal Tax Lien was properly filed, the statutory lien is not avoidable by the trustee pursuant to 11 U.S.C. § 547(c)(6). *In re Barry,* 31 B.R. 683, 685 (Bankr.S.D.Ohio 1983).

A summary of the relevant law applicable to avoidance of statutory liens is provided in the following treatise:

'Statutory lien' is defined in Section 101(47) as a lien that is neither dependent upon the parties' agreement to create a charge against property nor obtainable through judicial process by the general run of creditors attempting to enforce their claims against the debtor. Instead it is a lien provided by legislatures for policy reasons, usually for the benefit of governmental units or other identifiable economic groups—for example, tax liens, mechanics' liens, wage liens, landlords' liens, and various types of artisans' liens....

When a federal tax is assessed, a lien arises on virtually all the taxpayer's property. I.R.C. §§ 6321, 6322. The lien, however, is not valid as against certain third parties—including purchasers from the taxpayer and his judgment lien creditors—until public notice of the lien is appropriately filed. I.R.C. § 6323. Thus if notice of the tax lien has been filed before the taxpayer's bankruptcy, even shortly before, the lien is not avoidable under Section 545, for it is not triggered by one of the specified kinds of deteriorating financial condition; nor would a purchaser who bought property from the taxpayer after the filing of the notice be protected against the Government's lien. If bankruptcy occurred before the notice was filed, however, the protection given to purchasers by I.R.C. § 6323 would enable the trustee to invalidate the tax lien under Section 545(2). Moreover, the trustee's status as a judicial lien holder under Section 544(a)(1), together with the protection for judgment lien creditors under I.R.C. § 6323, would enable the trustee also to avoid the unfiled tax lien under the strong-arm clause.

G. Treister, J. Trost, L. Forman, K. Klee & R. Levin, Fundamentals of Bankruptcy Law 165, 167 (ALI–ABA, Philadelphia, 1986).

The trustee does not challenge the I.R.S. assertion that the Notices of Federal Tax Lien were properly filed before the date of the petition. Therefore, the trustee may not avoid these liens under 11 U.S.C. § 547. Accordingly, the plaintiff's Complaint to Avoid Preferential Transfers Under 11 U.S.C. § 547 with regard to the Internal Revenue Service is dismissed for failure to state a claim upon which relief may be granted.

An appropriate Order will issue.