**In re Gordon Kellogg REED and Maureen Elaine Reed, Debtors.**

**Bankruptcy No. 90–00123.**

United States Bankruptcy Court, D. Hawaii.

Jan. 3, 1991.

Kathy Gumpel, Honolulu, Hawaii, for debtors.

Carol Muranaka, Honolulu, Hawaii, for IRS.

## MEMORANDUM DECISION AND ORDER DENYING CONFIRMATION OF PLAN

JON J. CHINEN, Bankruptcy Judge.

This Chapter 13 Petition was filed on February 21, 1990. At that time, Debtors had scheduled unsecured debts of $94,-672.10 and secured debts of $100,909.17. The scheduled unsecured debts includes taxes in the amount of $49,254.35 owed to the Internal Revenue Service ("IRS"). Debtors claims that these taxes are dischargeable.

The Debtors classify their unsecured claims in two classes: Class One and Class Two. Class One will receive 100%, and although the Debtors' Plan Summary states that Class Two will receive 32%, based on the anticipated administrative and priority claims, Class Two will receive approximately 10–12%.

The Debtors' amended Chapter 13 plan provides for monthly payments of $1,000.00 to fund the plan for thirty-six (36) months. The amended plan further provides that the secured claims of GECC and First Federal shall be paid outside of the plan. The plan does not provide for full payment of the federal tax claims. Except for a bold statement that the "Debtors believe that the security should not survive the claim", Debtors offer no support for their contention that the IRS's claim is unsecured. The facts clearly show otherwise, since the IRS filed on September 19, 1985 a Notice of Federal Tax Lien at the Bureau of Conveyances, State of Hawaii, against the Debtors for their unpaid federal income taxes for the taxable years 1978, 1979 and 1980. In addition, on or about May 2, 1988, the IRS served a notice of levy in accordance with section 6331 of the Internal Revenue Code upon the Debtors' employer for all of the Debtors' retirement benefits.

By virtue of the Notice of Federal Tax Lien filed at the Bureau of Conveyances, the United States is a secured creditor for the unpaid federal taxes for years 1978, 1979 and 1980. The Debtors cannot now attempt to avoid such liens. *See In re Totten*, 82 B.R. 402 (Bankr.W.D.Pa.1988); *See also, In re Carolina Resort Motels, Inc.*, 51 B.R. 447 (Bankr.D.S.C.1985).

11 U.S.C. Section 522 allows a debtor to exempt certain property. However, Section 522(c) contains a limited list of debts which may be satisfied from the exempt property. Among these are nondischargeable tax liabilities and unpaid alimony and child support. 11 U.S.C. § 522(c)(1). Sec-

tion 522(c)(2) further provides that the otherwise exempt property is liable for "a debt secured by a lien that is—* * * (B) a tax lien, notice of which is properly filed." The liens at issue in this case fall squarely within the provisions of section 522(c)(2).

Furthermore, the statutory history of section 522(c) is crystal-clear that Congress specifically intended that the tax liens survive bankruptcy: "The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard*, 117 U.S. 617, [6 S.Ct. 917, 29 L.Ed. 1004] (1886), is excepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property. *Cf. Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, [55 S.Ct. 854, 79 L.Ed. 1593] (1935)." H.R.Rep. No. 95–595, 95th cong., 1st Sess. at 361 (1978–5 U.S.Code Cong. & Ad.News 5963, 6317); S.Rep. No. 95–989, 95th Cong., 2d Sess. at 76 (1978–5 U.S.Code Cong. & Ad.News 5787, 5862).

Every court that has discussed section 522(c)'s exception for properly filed tax liens has come to the same conclusion: a properly filed tax lien attaches to the debtor's otherwise exempt property and survives bankruptcy. *See e.g. In re Isom*, 95 B.R. 148 (9th Cir. BAP 1988); *In re Mattis*, 93 B.R. 68, 69–70 (Bankr.E.D.Penn.1988); *Verma v. First United Federal*, 91 B.R. 17, 18 (Bankr.W.D.Pa.1987).

As noted in *In re Junes*, 99 B.R. 978, 980 (9th Cir. BAP 1989),

> Under Section 6321 of the Internal Revenue Code, if a taxpayer neglects or refuses to pay any federal tax after demand, a lien is created in favor of the United States on "all property and rights to property, whether real or personal, belonging to such person." I.R.C. § 6321 (1986). The federal tax lien continues until there is payment on the taxes it secured or the statute of limitations runs on the collection of such lien. The federal tax lien extends over all property or interests in property belonging to the taxpayer. *In re Barbier*, 77 B.R. 799, 802 (Bankr.D.Nev.1987). *See* Duncan & Lyons, *Federal Tax Liens and the Secured Party*, 21 U.C.C.L.J. 3, 4 (1988).

*In United States v. Bess*, 357 U.S. 51, 55, 78 S.Ct. 1054, 1057, 2 L.Ed.2d 1135 (1958), the Supreme Court explained that the federal tax lien "creates no property rights, but merely attaches consequences, federally defined, to rights created under state law." "State law is determinative of the existence and nature of the property rights against which a tax lien has been assessed." *In re Glad*, 66 B.R. 115, 118 (9th Cir. BAP 1986) (*citing Aquilino v. United States*, 363 U.S. 509, 512–13, 80 S.Ct. 1277, 1279–80, 4 L.Ed.2d 1365 (1960)); *Rodriguez v. Escambron Devel. Corp.*, 740 F.2d 92, 97 (1st Cir.1984). "Once the tax lien attaches, then the effects of that lien are a matter of federal law." *In re Glad*, 66 B.R. at 118 (*citing United States v. Rodgers*, 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983); *Rodriguez*, 740 F.2d at 97).

■ The Debtors contend that the federal tax liens only attach to the "pension fund contributions" made in the three years prior to the filing of the petition, citing Hawaii Revised Statutes § 651–124 and completely ignoring basic federal tax law. Debtors believe that the United States can be treated as an ordinary creditor. The Debtors are wrong. State exemptions do not override the reach of the federal tax lien.

■ Section 6321 of the Internal Revenue Code provides that the amount of the delinquent taxpayer's liability is a lien in favor of the United States upon all property and rights to property, whether real or personal. The federal tax lien attaches not only to the property interests of the taxpayer at the time the lien arises, but attaches instantly to all property rights acquired by the taxpayer during the life of the lien. *Seaboard Surety Co. v. United States*, 306 F.2d 855 (9th Cir.1962). Once the lien attaches to property of the taxpayer, it follows that property into the hands of any transferee. *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). State law is examined only for the limited purpose of ascertaining whether or not the tax payer's interest is "property"

or "rights to property." *Aquilino v. United States*, 363 U.S. 509, 512–514, 80 S.Ct. 1277, 1279–81, 4 L.Ed.2d 1365 (1960).

■ Once it is determined that the interest is "property", a federal tax lien is a matter of federal law. Thus, federal law controls as to whether the lien attaches and how it is enforced, and it is beyond the power of the state to exempt property from the federal tax lien. *United States v. Rodgers*, 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983); *United States v. Bess*, 357 U.S. 51, 56–57, 78 S.Ct. 1054, 1058, 2 L.Ed.2d 1135 (1958). The fact that, under state law, property is not subject to creditors' liens is not relevant in determining whether the IRS can levy upon it. State law may define the nature of the taxpayer's interest in the property, but the consequences flowing from that definition under state law are of no concern to the operation of federal tax law.

In *United States v. National Bank of Commerce*, 472 U.S. 713, 727, 105 S.Ct. 2919, 2928, 86 L.Ed.2d 565 (1985), the Supreme Court notes:

> The question whether a state-law right constitutes "property" or "rights to property" is a matter of federal law. *United States v. Bess*, 357 U.S., at 56–57 [78 S.Ct., at 1058].... *The federal statute relates to the taxpayer's rights to property and not to his creditors' rights.* The Court of Appeals would remit the IRS to the rights only an ordinary creditor would have under state law. That result "compare[s] the government to a class of creditors to which it is superior." *Randall v. H. Nakashima & Co.*, 542 F.2d 270, 274, n. 8 (5th Cir.1976). (Emphasis added.)

*See also, United States v. Rodgers*, 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983); *United States v. Overman*, 424 F.2d 1142 (9th Cir.1970).

■ There is no dispute that the Debtor, Gordon Kellogg Reed, has a vested interest in the Aloha Airlines, Inc. Pilot's Equity Annuity Plan and Aloha Airlines, Inc. Pilot's Fixed Retirement Plan. In their Amended Chapter 13 Statement filed on July 20, 1990, Debtors list the value of such interest in the retirement plans at $363,-099.15.

The reach of the federal tax lien as envisioned under section 6321 of the Internal Revenue Code is broad and the Debtor's interest in the aforementioned plans is not immune from its attachment.

■ State law cannot exempt property from a federal levy. The Supreme Court has held that "an exempt status under state law does not bind the federal collector. Federal law governs what is exempt from federal levy." *United States v. National Bank of Commerce, supra*, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985); *United States v. Rodgers, supra*, 461 U.S. at 683, 103 S.Ct. at 2137 (1983); *United States v. Mitchell*, 403 U.S. 190, 204, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406 (1971); *United States v. Heffron*, 158 F.2d 657 (9th Cir.1947), *cert. denied*, 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845 (1947).

The Internal Revenue § 6334 covers what property is exempt from a federal levy. It provides in part that:

> (c) No Other Property Exempt.—Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

26 U.S.C. § 6334(c). Generally, section 6334(a) provides that certain property will be exempt from levy: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) worker's compensation; (8) child support; and (9) minimum exemption for wages, salary, and other income.

Further, Treas.Reg. § 301.6334–(1)(c) provides as follows:

> (c) *Other Property.* No other property or rights to property are exempt from levy except the property specifically exempted by Section 6334(a). No provision of a State law may exempt property or rights to property from levy for the collection of any Federal tax. Thus, proper-

ty exempt from execution under State personal or homestead exemption laws is, nevertheless, subject to levy by the United States for collection of its taxes.

 Finally, as a qualified retirement plan under the Internal Revenue code, the usual anti-assignment or alienation clause therein does not preclude the enforcement of a federal tax levy made pursuant to I.R.C. § 6331 (26 U.S.C.) or the collection by the United States on a judgment resulting from an unpaid tax assessment. See Treas.Reg. § 1.401(a)–13(b)(2).

Based on the above,

IT IS HEREBY ORDERED that Confirmation of the Debtors' Third Amended Plan filed herein on July 20, 1990 be, and the same is hereby denied.