In re Donald WILES and Nancy Wiles, Debtors.

Donald WILES and Nancy Wiles, Movants,

v.

The UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 1–92–01214.

United States Bankruptcy Court, M.D. Pennsylvania.

July 14, 1994.

Dorothy Feldman, Harrisburg, PA, for debtors.

Leon P. Haller, Trustee, Harrisburg, PA.

## ORDER

ROBERT J. WOODSIDE, Chief Judge.

The background for this Order is as follows:

On May 8, 1992, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. The Chapter 7 Trustee filed a report of no distribution, and a discharge was entered on November 23, 1992. On November 9, 1993, Debtors filed a motion to avoid a statutory lien in favor of The United States of America, Internal Revenue Service ("IRS"). Debtors sought and obtained a default judgment on IRS's failure to respond to the motion; however, concurrently with the entry of the default Order, the IRS filed an answer, which I agreed to treat as a motion for reconsideration of the default Order. I conducted a conference on the issues on December 29, 1993, and IRS moved for dismissal and submitted a brief in support thereof.

Debtors seek to avoid IRS's lien on the ground that it constitutes a preference under Section 547(b) of the Bankruptcy Code. However, Section 547(c)(6) states that a transfer is not avoidable under Section 547(b) to the extent that the transfer "is the fixing of a statutory lien that is not avoidable under Section 545 of this title." Section 545 provides, *inter alia,* that the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien

> is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists. . . .

11 U.S.C. § 545(2).

IRS liens arise by virtue of Section 6321 of the Internal Revenue Code and are statutory liens. Such liens may be perfected by filing in the Court of Common Pleas in accordance with the provisions of Section 6323(f), 26 U.S.C.

Here, IRS filed notice of its lien in the Court of Common Pleas for Dauphin County, Pennsylvania, on March 25, 1992, one and one half months prior to the filing of Debt-

ors' petition for relief under Chapter 7. Under these circumstances, the lien is not avoidable under Section 547(b), because Section 547(c)(6) prevents it from being avoided as is not the type of statutory lien avoidable under Section 545. *See In re Totten,* 82 B.R. 402, 403 (Bankr.W.D.Pa.1988) (stating that "if notice of the tax lien has been filed before the taxpayer's bankruptcy, even shortly before, the lien is not avoidable under Section 545"); *see also Fandre v. Internal Revenue Service,* 167 B.R. 837 (Bankr.E.D.Tex.1994); *In re J.B. Winchells, Inc.,* 106 B.R. 384, 390–91 (Bankr.E.D.Pa.1989).

For the reasons stated above, it is hereby ORDERED that my Order dated December 3, 1993, avoiding IRS's lien is hereby WITHDRAWN and VACATED, and the relief requested in Debtor's motion is DENIED.